In re Appeal of Dudley.

(No. 4880—Decided June 19, 1969.)

County Court of Mahoning County.

*Mr. Richard C. Ross*, prosecuting attorney, for respondent.
*Mr. James Modarelli, Jr.*, for appellant.

Reddy, J. This is an appeal to the County Court from an order of the Bureau of Motor Vehicles suspending the license of the appellant for a period of six months effective July 5, 1968, for failure to submit to a chemical test upon request of a police officer.

Defendant was arrested July 5, 1968, in the city of Salem, Ohio, on a charge of driving while under the influence of alcohol and was duly requested by the arresting officer to submit to a chemical test to determine the alcohol content in his body and he refused to so submit to such test after due warning of the consequences of such failure. The defendant was arraigned in the Mayor's Court of Salem,

Ohio, and on August 17, 1968, duly pleaded "No Contest." By letter dated July 16, 1968, he was notified of the suspension of his driver's license for six months, effective July 5, 1968.

The defendant promptly filed his petition in this court under Section 4511.191, Revised Code, praying for a judgment overruling the suspension above as imposed by the Bureau of Motor Vehicles of the State of Ohio, setting forth the above facts and alleging that he made no defense or objection to the decision of the court being summarily decided.

The court has given careful consideration to the facts of this case and with particular reference to the reasoning of Judge Hitchcock in the recent case, *In re Williamson*, 18 Ohio Misc. 67. Except that the plea of the defendant was "guilty" in the *Williamson case*, and "no contest" in the present case, the facts otherwise are practically identical.

"So it is clear that the whole purpose of the 'implied consent' law is to: (1) provide evidence to establish truth in court, or (2) if the driver frustrates this purpose by refusal to take the prescribed tests to impose legal consequences administratively which will enable the state to deny such driver the use of the highways for six months in order to protect the public because of the manifest probability that he is a dangerous driver; assuming, of course, that the officer had reasonable cause to make the original arrest." (*In re Williamson*, 18 Ohio Misc. 67, at page 76.)

However, this court disagrees very definitely with the statement of Judge Hitchcock on page 73 of his decision, wherein he says:

"Even a plea of 'no contest' as introduced into Ohio Jurisprudence and provided by Section 2937.06, Revised Code, effective January, 1960, in respect to misdemeanors would not avail appellant here."

It is not the province of this court to decide civil liabilities upon trial in criminal proceedings. The effect on rights of injured parties by a plea of "guilty" can be very detrimental and contrary to the real intent of Section 2937.06, Revised Code.

The refusal of any test by a defendant who is so influenced by alcohol as not to realize fully the importance and impact of his actions, should not be held injuriously against a defendant who regains sobriety and then proceeds to minimize the burden of the State in proving its case and making such test unnecessary by a plea of "no contest."

The purpose of the statute has been complied with under this plea of "no contest" and its application against the defendant and others who act similarly would be unconstitutional. Other than as stated above "*In re Williamson*" is approved and followed.

The petition is granted and no suspension shall be imposed upon the defendant.

Costs to the appellant.