GROFF, APPELLANT, *v.* RICE, REGISTRAR, APPELLEE.

[Cite as Groff v. Rice, 20 Ohio App. 2d 309.]

(No. 220—Decided November 18, 1969.)

*Messrs. Bohman & Chillinsky,* for appellant.

*Mr. Thomas W. Kerrigan,* prosecuting attorney, for appellee.

CRAWFORD, J. Plaintiff's amended petition seeks an order that the registrar of motor vehicles issue him a

driver's license, the registrar having heretofore notified him that his license had been suspended pursuant to Section 4511.191, Revised Code. The present appeal is taken from a judgment of the Sidney Municipal Court denying such relief.

There is no bill of exceptions. However there is a stipulation of facts, which is apparently accepted by both parties in lieu thereof. There is also a purported supplemental stipulation of facts as to certain details which has been signed only by counsel for plaintiff, appellant herein, and cannot be considered.

Section 4511.191 (F), Revised Code, provides what the issues shall be on the hearing of such a petition. These are four in number. The facts stipulated resolve three of these issues adversely to the plaintiff: it must have been obvious to the arresting officer, as well as all those present, that plaintiff, Groff, was driving while intoxicated; he was placed under arrest; and he was advised of the consequences of his refusal to take the required test provided by statute.

The fourth issue is whether plaintiff refused to submit to the test upon request of the officer. The stipulation pertaining to this point reads:

"4. That the arresting officer advised the said Joseph L. Groff of the consequences of his refusal to submit to such examination and that the said Joseph L. Groff issued utterances and conducted himself in such a manner as to indicate to the officer that he would not voluntarily submit to said examination.

"* * * *

"6. It is further stipulated that at the time the defendant was requested to take the sobriety test and advised of the consequences of refusing to take the sobriety test, that he was highly intoxicated and did not have any knowledge or understanding of what he was doing and did not have sufficient control of his facilities [sic] to knowingly, intelligently and intentionally refuse to take said test and that he, at the present time, has no knowledge of having been requested to take the test, refusing to take the test or

being advised of the consequences of refusing to take the test."

Either plaintiff refused, or he did not refuse, to take the test. The officer's opinion on the subject does not supply the fact. Being confined to the stipulations, we are bound to conclude that he did not refuse. The same rule should apply as in the waiver of a right or in the doing of any other conscious act. The stipulations show that he "did not have sufficient control of his facilities [*sic*] to knowingly, intelligently and intentionally refuse to take said test." This permits only the conclusion that he did not refuse.

Division (A) of 4511.191, Revised Code, provides, in part:

"Any person who operates a motor vehicle upon the public highways in this state shall be deemed to have given consent to a chemical test * * *."

Division (B) provides:

"Any person who is dead, unconscious, or who is otherwise in a condition rendering him incapable of refusal, shall be deemed not to have withdrawn consent provided by division (A) of this section and the test or tests may be administered, subject to Sections 313.11 to 313.16, inclusive, of the Revised Code."

Those drastic provisions of division (B) would be operative and significant if, by virtue of the implied consent, the test had actually been given. In this case the test was not given, and according to division (F) the question whether he did in fact refuse is squarely in issue. In order to give effect to all provisions of the statute, this issue specifically afforded by division (F) must be held not to be in conflict with and not nullified by division (B).

Hence we must conclude that plaintiff did not refuse to submit to the test, and that he is, therefore, entitled to prevail in this action.

There is another very compelling reason why plaintiff is entitled to relief. The stipulation of facts contains the following:

"5. That on the 22nd day of July, 1968, the said Joseph

L. Groff entered a plea of guilty in the mayor's court, West Milton, Ohio, of the charge of driving while under the influence of alcohol and was sentenced and fined in accordance with law."

According to the briefs, plaintiff was placed under arrest approximately nine days prior to the plea of guilty. When that plea is entered there is no longer any need for a test. Assuming the validity and constitutionality of Section 4511.191, upon which we need not now express an opinion, it must be recognized that its only proper purpose is to aid law enforcement officers and the court in learning the truth and obtaining proof of intoxication or sobriety. The test is not the end and object of the statute. When the plea of guily is entered, the test is needless, and Section 4511.191 is inapplicable.

If this were not so, the action of an administrative agency would infringe upon the jurisdiction of the court. Section 4507.16 (B), Revised Code, clothes the court with full and complete authority to suspend drivers' licenses upon conviction of driving while intoxicated.

Trial courts have already struggled with this and similar problems. See *In re Williamson* (1969), 18 Ohio Misc. 67, and *In re Dudley* (1969), 19 Ohio Misc. 165.

The judgment appealed from will be reversed and the cause remanded to the Municipal Court for further proceedings according to law.

*Judgment reversed.*

KERNS, P. J., and SHERER, J., concur.