HOBAN, APPELLANT, v. RICE, REGISTRAR, BUREAU OF MOTOR
VEHICLES, APPELLEE.

[Cite as Hoban v. Rice (1970), 22 Ohio App. 2d 130.]

(No. 9535—Decided February 3, 1970.)

*Mr. John T. Ryan,* for appellant.
*Mr. C. Howard Johnson,* prosecuting attorney, and
*Mr. William W. Holmes,* for appellee.

STRAUSBAUGH, J. This is an appeal from an order of
the Municipal Court of Franklin County denying appel-

lant's petition seeking reversal of the order of the Bureau of Motor Vehicles suspending appellant's driver's license for a six-month period. The order is affirmed.

Appellant was arrested on May 25, 1969, by the Upper Arlington Police Department for operating a motor vehicle while under the influence of alcohol, taken to the Upper Arlington Police Station, and offered a chemical sobriety test by the arresting officer. The officer then swore to an affidavit, and later testified before the court, that he had reasonable grounds to believe that appellant was operating a motor vehicle in Franklin County while under the influence of alcohol, and that appellant refused to submit to the designated test when requested to do so, after having been advised of the consequences of refusal.

Appellant's first assignment of error claims that the evidence presented does not support the proposition that appellant was aware of being advised of the consequences of the refusal of taking a chemical test, or that he so refused. In addition to the officer's affidavit, the court had before it the testimony of the officer, "He refused this test, along with all the other normal tests on the alcoholic influence report. In fact, he refused everything under our normal procedure in handling drunk drivers." Defendant testified that he remembered nothing of being asked to take a test. The burden of proof was on the appellant to establish that the act which would constitute a refusal was not a refusal. Certainly there was sufficient evidence before the trial court to permit a finding by that court that there had been a refusal. It is a question of fact to be decided by the Municipal Court.

Appellant next asserts that since he had pleaded guilty to the charge of operating a motor vehicle while under the influence of alcohol his license cannot be suspended under Section 4511.191, Revised Code, relying upon the doctrine of *In re Dudley* (1969), 19 Ohio Misc. 165, and *In re Williamson* (1969), 18 Ohio Misc. 67, which latter case holds in paragraph four of the syllabus:

"Since the direct purpose of the implied consent law is to make available evidence of the truth in order that the

primary criminal action may be prosecuted, the plea of 'guilty' in that case obviates such purpose."

Supportive of *Williamson* and *Dudley, supra,* is the case of *Groff* v. *Rice* (decided November 18, 1969), 20 Ohio App. 2d 309, wherein the court held that the purpose of Section 4511.191, Revised Code, is "to aid in determining whether the accused is drunk or sober. A plea of guilty renders the test unnecessary and the requirement inapplicable."

In California, the Court of Appeals, Second District, Division One, held that the implied consent statute imposed a mandatory duty on the Department of Motor Vehicles and that suspension was a required consequence, and whether or not a driver pleaded guilty to driving while intoxicated was irrelevant to suspension under the implied consent statute. *Serenko* v. *Bright* (1968), 263 Cal. App. 2d 682, 70 Cal. Rep. 1. The Court of Appeals, Fourth District, Division One, held that where a driver pleaded guilty to a charge of driving while under the influence of intoxicating liquor "the guilt- plea in no way secures licensee from the mandatory effects" of the statute providing for suspension of his license for six months for refusal to take a chemical test. *August* v. *Department of Motor Vehicles* (1968), 264 Cal. App. 2d 52, 70 Cal. Rep. 172.

The Supreme Court of Nebraska held that the driver's "plea of guilty to a criminal charge * * * does not preclude the subsequent revocation of his driver's license in the administrative proceedings before the director of Motor Vehicles under the provisions of the Implied Consent Act." *Ziemba* v. *Johns* (1968), 183 Neb. 644, 163 N. W. 2d 780.

The reasoning and holdings of the courts in *Groff, Williamson* and *Dudley, supra,* cannot be upheld in light of the holding of the Ohio Supreme Court in *State* v. *Starnes* (decided January 14, 1970), 21 Ohio St. 2d 38, wherein the court held that:

"* * * proceedings under Section 4511.191 (F), Revised Code, are civil and administrative in nature and are intended for the protection of the traveling public, and are independent of any criminal proceedings which may be instituted pursuant to other statutes or ordinances.

"* * * the fact that such person [whose license has been suspended] has been adjudged guilty of the offense of physical control of a motor vehicle while under the influence of intoxicating liquor does not preclude a finding of reasonable ground to believe that such person was driving while under the influence of alcohol."

We cannot agree with appellant's argument that it was the intention of the Legislature to construe Section 4511.191, Revised Code, together with the criminal section prohibiting driving while under the influence of alcohol, or with a municipal ordinance prohibiting the same act. Had the Legislature so intended, it would have said so.

The construction of the statute under the interpretation which the court in *Groff, supra,* would have us give would be that if a defendant did not plead guilty to operating a motor vehicle while under the influence of alcohol his driver's license would be suspended by the Bureau of Motor Vehicles for failure to submit to a chemical analysis, but if he did plead guilty the license could not be suspended by the Registrar under the statute. The courts in *Williamson* and *Dudley, supra,* would go even further, and, in effect, say that if a defendant pleads guilty *within ten days* there shall be no penalty; but if he fails to do so, then under Section 4511.191, Revised Code, the license would be subject to suspension.

The rationale of *Groff* v. *Rice,* 20 Ohio App. 2d 309, would clearly be unconstitutional under the coercion doctrine enunciated in *United States* v. *Jackson* (1968), 390 U. S. 570, 20 L. Ed. 2d 138, 88 S. Ct. 1209, wherein the United States Supreme Court held that, by putting a federal kidnaping defendant to the choice of pleading guilty without risk of the death penalty, or of pleading innocent and demanding a jury trial, risking the death penalty violated the Fifth and Sixth Amendments; that legislation which tends to coerce a plea of guilty imposes "an impermissible burden upon the assertion of a constitutional right" (the right to plead not guilty and the right of jury trial). We cannot assume that the Legislature of Ohio would intend to pass an unconstitutional act.

Surely a statute specifically providing that—"No li-

cense shall be suspended under the provisions of this act if a person pleads guilty to the charge of operating a motor vehicle while under the influence of alcohol''—would clearly be unconstitutional. This conclusion, in our opinion, would be true whether such plea of guilty was made within 10 days, or thereafter.

There is no indication in this legislation that the Legislature of the state of Ohio is even slightly concerned with the *plea* of appellant in a case of operation of a motor vehicle while under the influence of alcohol, or any other criminal charge. Section 4511.191, Revised Code, prescribes an administrative action to be taken by the Bureau of Motor Vehicles. In effect, what is being said is that persons are licensed to drive motor vehicles upon the highways and streets of this state at the sufference of the state. Such persons must submit to a chemical test if there are reasonable grounds to believe that they are operating a motor vehicle while under the influence of alcohol. The language of the section is clear and unambiguous.

We are not predicating our opinion on the fact that defendant pleaded guilty to the charge in a mayor's court, a court not of record, which has no authority to suspend drivers' licenses, as distinguished from a court of record which does have such authority. However, just as was pointed out by Justice Matthias in his footnote in the *Starnes case,* the defendant therein, although avoiding any possible suspension of a driver's license by pleading guilty to *physical control,* nevertheless, ''has not avoided a [driver's] license suspension under the provisions of Section 4511.191, Revised Code.'' Here, too, the defendant, while not subject to suspension of driver's license in a court not of record, likewise has not avoided a driver's license suspension under the provisions of Section 4511.191, Revised Code.

Proceedings under Section 4511.191 (F), Revised Code, are civil and administrative in nature and are intended for the protection of the traveling public and are *independent* of any criminal proceedings which may be instituted pursuant to other statutes or ordinances (*State* v.

*Starnes,* 21 Ohio St. 2d 38); therefore, the question whether a person has or has not pleaded guilty in criminal proceedings to the charge of operating a motor vehicle while under the influence of alcohol is irrelevant to the question of the suspension of a driver's license under Section 4511.191, Revised Code; and the fact that such person has pleaded guilty in criminal proceedings to a charge of operating a motor vehicle while under the influence of alcohol in no way precludes the Registrar of the Bureau of Motor Vehicles from suspending a driver's license where directed by the provisions of that section.

If appellant desires further appeal, the entry affirming the judgment of the lower court may include a certification of the judgment in this case to the Supreme Court as being in conflict with the judgment of the Court of Appeals for Shelby County in *Groff* v. *Rice,* 20 Ohio App. 2d 309.

*Order affirmed.*

LEACH and HOLMES, JJ., concur.