STRICKLAND, Appellant,

v.

OHIO BUREAU OF MOTOR VEHICLES, Appellee.

[Cite as *Strickland v. Ohio Bur. of Motor Vehicles* (1994), 92 Ohio App.3d 755.]

Court of Appeals of Ohio,
Greene County.

No. 93–CA–33.

Decided Jan. 26, 1994.

*Giselle S. Johnson,* for appellant.

*Alan G. Anderson,* Xenia City Prosecutor, for appellee.

BROGAN, Judge.

The appellant, Kara L. Strickland, appeals from the judgment of the Xenia Municipal Court which denied her appeal of the suspension of her driver's license by the Registrar of Motor Vehicles pursuant to R.C. 4511.191, the "implied consent" statute.

Although no transcript was prepared of the proceedings in the trial court, the facts underlying this controversy are not in dispute. On March 28, 1992, Strickland was stopped by a Vandalia, Ohio police officer and cited for operating a motor vehicle under the influence of alcohol in violation of R.C. 4511.19(A)(1).

Upon advice of counsel, Strickland refused to submit to a breathalyzer test.

On May 15, 1992, the appellant entered a written plea of guilty to the charge of operating her motor vehicle under the influence of alcohol after being notified that she was eligible for participation in the Vandalia Municipal Court Diversion Program.

Prior to completion of the diversion program, the appellant received notification from the Bureau of Motor Vehicles that her operator's license would be suspended. The appellant filed a petition to set aside the suspension pursuant to R.C. 4511.191(F) in the Xenia Municipal Court. The appellant contended that her suspension should be terminated by the registrar pursuant to R.C. 4511.-191(I) because the appellant had entered a plea of guilty to the driving-under-the-influence charge.

After a hearing before a referee, the referee recommended that the appellant's petition be denied because it was his conclusion that R.C. 4511.19(I) was not intended to cover such "conditional pleas" of guilty. The referee further noted under the "conditional plea" of guilty, there is no judgment rendered and no consequence to the defendant. The trial court adopted the referee's report and denied the appellant's petition.

Former R.C. 4511.191(I), now R.C. 4511.191(K), provides:

"(K) A suspension of the driver's or commercial driver's license or permit of a resident, a suspension of the operating privilege of a nonresident, or a denial of a driver's or commercial driver's license or permit for refusal to submit to a chemical test to determine the alcohol, drug, or alcohol and drug content of the person's blood, breath, or urine pursuant to division (E) of this section, *shall be terminated by the registrar upon receipt of notice of the person's entering a plea of guilty to, or of his conviction after entering a plea of no contest under Criminal Rule 11 to, operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse or with a prohibited concentration*

*of alcohol in the blood, breath, or urine, if the offense for which the plea is entered arose from the same incident that led to the suspension or denial.*

"The registrar shall credit against any judicial suspension of a person's driver's or commercial driver's license or permit or nonresident operating privileges imposed pursuant to division (B) of section 4507.16 of the Revised Code any time during which the person serves a related suspension imposed pursuant to division (E) or (F) of this section." (Emphasis added.)

In *Groff v. Rice* (1969), 20 Ohio App.2d 309, 49 O.O.2d 400, 253 N.E.2d 318, this court held that the purpose of R.C. 4511.191, in requiring that one arrested for driving while intoxicated submit to a chemical test, is to aid in determining whether the accused is drunk or sober. A plea of guilty renders the test unnecessary and the requirement inapplicable. See, also, *Haas v. State* (1982), 7 Ohio App.3d 139, 7 OBR 182, 454 N.E.2d 974.

Strickland's written plea of guilty provided in pertinent part:

"I, Kara L. Strickland, the Defendant herein, hereby voluntarily, willingly and knowingly enter a plea of guilty to the charge of D.W.I. stated in the complaint in this case. I freely admit that on the date and at the time and location listed in the complaint, I operated a motor vehicle after having consumed a quantity of alcohol which had the effect of impairing, to an appreciable degree, my ability to operate a motor vehicle.

"I fully understand that if my plea of guilty is accepted by the Court, the Court must sentence me to a term of not less than three (3) nor more than six (6) months; order me to pay a fine of not less than Two Hundred Dollars ($200.00), but not more than One Thousand Dollars ($1,000.00); suspend my operators license for a period of not less than ninety (90) days, but not more than three (3) years, or any combination of jail time, fine and license suspension within these limits and further order me to pay all court costs of this case.

" * * *

"In pleading guilty to the offense charged, I knowingly and truthfully say that no threats or promises have been made to me to get me to enter this plea except those set forth below:

"(A) I know that my application for admission into the Vandalia Municipal Court Diversion Program has been completed. I understand that before I can be admitted into the Diversion Program, I must enter this conditional plea of guilty. I understand that the Court will not accept my conditional plea of guilty so long as I am successfully participating in the Vandalia Municipal Court Diversion Program.

"(B) I understand that I must obey and comply with all the terms and conditions of the Diversion Program as set up by my Diversion Agreement and signed by me as of this date.

"(C) I understand that should I fail to comply with all terms and conditions of the Diversion Program, I am entitled to a 'Show Cause' Hearing and to be notified of said hearing. If I fail to attend the Show Cause Hearing, either due to my failure to keep the Diversion Office informed of my current address or my neglect, I give up my right to the Show Cause Hearing. The Vandalia Municipal Court may then accept my conditional plea, terminate me from the Diversion Program, notify the Bureau of Motor Vehicles of my conviction of driving under the influence and issue a warrant for my address for said failure to appear.

"It is my understanding that if I abide and comply with all the terms and conditions of the Diversion Program and successfully complete this program, my conditional plea of guilty WILL NOT be accepted by the Court and the charge against me will be dismissed by the Prosecuting Attorney one (1) year from the date of the entry of this conditional guilty plea. I also understand that if I do not abide by all the terms and conditions of the Diversion Agreement, the Prosecuting Attorney will request that my guilty plea be accepted by the Court and, if so accepted, I will be sentenced according to the terms set forth in paragraph two (2) of this written plea of guilty. I acknowledge that I have received a written copy of the Diversion Agreement form containing all the terms and conditions of my Diversion and by my signature to said Agreement acknowledge that I understand all terms and conditions."

An examination of appellant's plea reveals that there were no conditions to her guilty plea which would have permitted her to withdraw it if she failed to abide by the conditions of the diversion program. The plea did contain the "condition subsequent" that if the appellant successfully completed the diversion program, the appellant's plea of guilty would not be accepted by the court and the charge against her would be dismissed.

Crim.R. 11(B)(1) provides that the plea of guilty is a complete admission of the defendant's guilt. The appellant's guilty plea obviated the need for the chemical test which the appellant refused to provide at the time of her arrest.

If the legislature required a conviction of driving while intoxicated pursuant to a guilty plea as a condition precedent to having the implied consent suspension terminated, the legislature should have expressly provided for that condition.

The appellant's assignment of error is sustained. The judgment of the trial court is reversed. Pursuant to App.R. 12(B), the appellant's petition to set aside her license suspension for refusing to submit to a chemical test is hereby granted.

*Judgment accordingly.*

WOLFF and FREDERICK N. YOUNG, JJ., concur.