The STATE of Ohio, Appellee,

v.

ABI–AAZAR, Appellant.

[Cite as *State v. Abi–Aazar,* 154 Ohio App.3d 278, 2003-Ohio-4780.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 21403.

Decided Sept. 10, 2003.

Scott Bratton, for appellant.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Richard S. Kasay, Assistant Prosecuting Attorney, for appellee.

---

BAIRD, Judge.

{¶ 1} Appellant, Fransois Abi–Aazar, appeals from the judgment of the Summit County Court of Common Pleas, which denied appellant's motion to withdraw his guilty pleas. We affirm in part and vacate in part and remand the cause for further proceedings in accordance with this opinion.

I

{¶ 2} On December 20, 2000, appellant, a national of Lebanon, was indicted on one count of possession of heroin, in violation of R.C. 2925.11(A), and one count of illegal use or possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1). On December 27, 2000, appellant pled not guilty on both charges. On February 28, 2001, the trial court granted appellant intervention in lieu of conviction, requiring him to retract the not guilty pleas and enter guilty pleas pursuant to R.C. 2951.041. The trial court stayed all criminal proceedings and ordered appellant to serve a period of 18 months of rehabilitation under the control and supervision of the Adult Probation Department conditioned upon appellant's voluntary entrance into an appropriate drug-abuse facility. The intervention was

also conditioned upon appellant's agreeing to complete the outpatient substance-abuse-treatment program at the Community Health Center, submit to regular urinalysis, abstain from all alcohol and illegal drugs, seek and maintain full time employment, undergo psychotherapy, remain in the state, and pay the costs of the prosecution within six months.

{¶ 3} On April 30, 2001, appellant was taken into custody by the Immigration and Naturalization Service ("INS"). The INS issued a notice to appear alleging that appellant was deportable pursuant to Section 1226, Title 8, U.S.Code, which allows deportation of any alien who has been convicted of a drug-related offense. Section 1101(a)(48)(A), Title 8, U.S.Code defines "conviction" for deportation purposes as "a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where (i) * * * the alien has entered a plea of guilty * * *, and (ii) the judge has ordered some form of punishment, penalty, or restraint on the alien's liberty to be imposed." Thus, the INS's definition of "conviction" differs from the definition of "conviction" contained in Ohio Crim.R. 32(C) which states that "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. * * * A judgment is effective only when entered on the journal by the clerk."

{¶ 4} The INS detained appellant during the period that he was to be completing his intervention. Because appellant was unable to meet the condition of his intervention, on March 11, 2002, the trial court rescinded the grant of intervention in lieu of conviction. The trial court then sentenced appellant to 180 days for the use or possession of drug paraphernalia charge, with 19 days' credit for time served and 161 days suspended. The trial court stated that appellant was also sentenced to six months of unsupervised probation for the charge of possession of heroin; however, that sentence was never journalized, and therefore, appellant has not yet been sentenced on the charge of possession of heroin. Appellant's counsel stated that the imposition of the sentence would amount to a deportation order, but counsel did not ask the court to withdraw appellant's guilty pleas.

{¶ 5} On April 3, 2002, appellant filed an appeal with this court. This court ordered that the appeal would proceed only as to the conviction for possession of drug paraphernalia due to the lack of a final order on the heroin-possession charge. On September 9, 2002, appellant filed a motion with the trial court to withdraw his guilty plea to the possession-of-heroin charge pursuant to Crim.R. 32.1. The trial court deferred its ruling until this court released its opinion on the appeal. On September 25, 2002, this court, reviewing only the charge of possession of drug paraphernalia, found that appellant was unable to show prejudice based on his guilty plea on that charge because he still had the opportunity to move for the trial court to withdraw his guilty plea pursuant to

R.C. 2943.031. *State v. Abi–Aazar*, 149 Ohio App.3d 359, 2002-Ohio-5026, 777 N.E.2d 327.

{¶ 6} On November 4, 2002, appellant filed in the trial court a motion to withdraw his guilty pleas for the possession-of-heroin charge and the use-or-possession-of-drug-paraphernalia charge pursuant to Crim.R. 32.1, R.C. 2953.21, and 2943.031. The trial court denied appellant's motions on December 27, 2002, finding that the trial court did advise appellant of the possibility of deportation pursuant to R.C. 2943.031 and that appellant entered the guilty pleas knowingly, intelligently, and voluntarily. Appellant timely appealed, setting forth two assignments of error. The first assignment of error is divided into three subsections; we begin with subsection B for ease of discussion.

{¶ 7} Before addressing the merits of this appeal, we note that appellant has not yet been convicted under Ohio law for the possession-of-heroin charge because a sentence on that charge has not been journalized. "In a criminal case, where there has been no pronouncement of sentence, an order of the trial court overruling defendant's motion for leave to withdraw his plea of guilty is interlocutory in nature, does not amount to a judgment and is not a final appealable order." *State v. Chamberlain* (1964), 177 Ohio St. 104, 29 O.O.2d 268, 202 N.E.2d 695, syllabus. Therefore, this court is without jurisdiction to hear an appeal regarding the charge of possession of heroin; we limit our review to the denial of the motion to withdraw the guilty plea on the charge of possession of drug paraphernalia.

## II

### First Assignment of Error

"The trial court erred in denying appellant's motions to withdraw his guilty pleas."

"B. The court failed to substantially comply with R.C. § 2943.031."

{¶ 8} R.C. 2943.031 requires the trial court to advise the defendant as to possible deportation, exclusion or denial of naturalization that could result when entering a guilty plea.

"(A) * * * prior to accepting a plea of guilty * * * to an indictment * * * charging a felony or a misdemeanor other than a minor misdemeanor * * *, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:

" 'If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty * * * may have the

consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.'

"* * *

"(D) Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty * * * and enter a plea of not guilty or not guilty by reason of insanity, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty * * * may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

{¶ 9} A substantial-compliance standard of scrutiny determines whether the trial court gave the proper advisement regarding immigration consequences pursuant to R.C. 2943.031. *State v. Yanez,* 150 Ohio App.3d 510, 2002-Ohio-7076, 782 N.E.2d 146. The substantial compliance of the trial court must be affirmatively demonstrated on the record as required by R.C. 2943.031(E). Id. Although it may be a better practice for the trial court to read R.C. 2943.031 verbatim, literal compliance is not necessary. *Yanez.* "Under the clear and unambiguous language of subsection (D) of the statute, a trial court *shall* set aside a conviction and allow the defendant to withdraw a guilty plea if four requirements are established: (1) the court failed to provide the advisement described in the statute; (2) the advisement was required to be given; (3) the defendant is not a citizen of the United States; and (4) the offense to which the defendant pled guilty may result in the defendant being subject to deportation, exclusion, or denial of naturalization under federal immigration laws." *State v. Weber* (1997), 125 Ohio App.3d 120, 126, 707 N.E.2d 1178. (Emphasis sic.)

{¶ 10} The record of the February 28, 2001 plea proceeding states the following:

"THE COURT: * * * I want to tell you something, sir. That I don't know whether your lawyer may or may not have told you, but you—you know, you sort of give a dilemma to this Court, because you understand that if you are convicted of this crime—any felony, for that matter—you would be subject to being deported.

"THE DEFENDANT: Yes, sir.

"* * *

"THE COURT: * * * Do you understand if you plead—if you plead guilty and be sentenced, then you could be subject to, if you are not a citizen of the United States—and I guess you are not—that you should be advised that a conviction

of the offense to which you are pleading guilty to may have consequences of deportation, exclusion from admission into the United States, denial of naturalization. * * * By pleading guilty you could subject yourself to be removed from this country, go back to your country of origin. Is that clear?

"THE DEFENDANT: Yes, sir.

"THE COURT: Now, as to what's going to happen, I am sure Mr. Hicks explained to you, you plead guilty, you are not going to be sentenced today, subject to your ability to finish the program for the intervention in lieu of conviction. I feel like I am working backwards, Mr. Hicks. I am doing it because I—so I won't be responsible for setting him out of this country. Now, whether I am doing society a favor or not, I am not at all sure.

"* * *

"THE COURT: Am I clear that—what I said about being subject to deportation by pleading guilty?

"THE DEFENDANT: Uh-huh.

"THE COURT: Is that clear?

"THE DEFENDANT: Yes, sir.

"* * *

"THE COURT: Okay. Now, having all those things in mind, how do you want to plead?

"THE DEFENDANT: Guilty"

{¶ 11} The court proceeded to explain the intervention-in-lieu-of-conviction program, what the treatment would involve, and what conditions appellant would be required to meet. The court closed by wishing appellant good luck. Then appellant's counsel asked whether there would be consequences pertaining to appellant's driver's license, and the court replied:

"THE COURT: I haven't sentenced him."

{¶ 12} Appellant argues that the trial court's statements, taken in their entirety, would lead a reasonable person to conclude that deportation was not a possibility so long as there was compliance with the terms of the intervention program. Further, appellant claims that any advisement given was rendered meaningless by the trial court's "numerous" misstatements of law regarding the possibility of deportment. Appellee responds that the advisement was given and was adequate to alert appellant to the possibility of deportation. Appellee does not raise the issue of res judicata in the response to this portion of the first assignment of error.

{¶ 13} The trial court, in the ruling on the motion to withdraw guilty pleas, found that appellant was given the advisement required in R.C. 2943.031. We

disagree. Although the required language of the advisement was followed in a fashion, there was substantial noncompliance with the purpose of the advisement. The trial court stated that the deportation consequences would occur only after appellant was sentenced. The trial court then twice went on to say that appellant was not being sentenced at that time. The trial court stated that it was agreeing to the intervention program, so that the trial court would not be responsible for sending him out of this country. Thus, appellant was told that under certain conditions he could be deported if he pled guilty but then was told that the conditions for deportation were not met. Therefore, we believe that appellant was not given the advisement called for by the statute and he was precluded from making an informed decision. By the terms of the statute, when (1) the advisement is not given, (2) the defendant is not a United States citizen, and (3) the conviction is a deportable offense, the trial court must grant a motion to withdraw the guilty plea. In this case, the advisement was not effectively given, appellant is not a United States citizen, and the conviction resulted in deportation proceedings. Therefore, the trial court erred when it denied the motion to withdraw the guilty plea. Subsection B of appellant's first assignment of error is sustained; the judgment denying the motion is vacated, and the cause is remanded for further action consistent with this opinion.

### First Assignment of Error

"The trial court erred in denying appellant's motions to withdraw his guilty pleas."

"A. The court should have allowed appellant to withdraw his pleas and his convictions should have been vacated because his guilty pleas were unknowing and involuntary."

"C. Counsel was ineffective during the plea proceedings."

### Second Assignment of Error

"The trial court abused its discretion by denying his motions to withdraw his guilty pleas without conducting an evidentiary hearing."

{¶ 14} Our disposition of Subsection B of the first assignment of error renders these further assignments of error moot; therefore, we decline to address them. See App. R. 12(A)(1)(c).

### III

{¶ 15} Subsection B of appellant's first assignment of error is sustained. We decline to review the remaining assignments of error. The judgment denying the

motion to withdraw the guilty plea on the charge of possession of drug parapher-nalia is vacated, and the cause is remanded for further proceedings.

Judgment affirmed in part,
vacated in part
and cause remanded.

WHITMORE, J., concurs.

SLABY, J., dissents.

SLABY, Judge, dissenting.

{¶ 16} I respectfully dissent. I believe that the trial court was clear on the possible consequences of the plea. The court's statement was that "by pleading guilty you subject yourself to be removed from this country." I believe that is as clear as the court could make it.