OPINION
{¶ 1} Appellant Brian Waselich pleaded no contest in Youngstown Municipal Court to one count of engaging in sexual conduct in an automobile. Appellant is appealing the refusal of the trial court to allow him to withdraw his no contest plea. Appellant entered his plea before a magistrate, who subsequently recommended a sentence. Appellant claims that his plea was coerced by the police and that the magistrate committed multiple errors during the plea hearing. The record gives no indication that a judge ever adopted the magistrate's sentencing recommendation, and as we will explain below, there is no final appealable order for this Court to review. Although we must dismiss this appeal for lack of a final appealable order, we are compelled to direct the trial court's attention to the fact that a sentence has not been properly imposed in this case, and that Appellant's motion to withdraw his plea was, in effect, a presentence motion. A presentence motion to withdraw a plea should be, "freely allowed and treated with liberality[.]" Statev. Xie (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715. The trial court's ruling on Appellant's motion to withdraw his plea currently stands as an interlocutory order and may be revisited by the trial court. Because the judgment entry being appealed is a non-final interlocutory order, this appeal is hereby dismissed for lack of a final appealable order.
 HISTORY OF THE CASE {¶ 2} On March 17, 2004, the Youngstown City Police gave Appellant a citation for violating Youngstown Municipal Ordinance 533.18, engaging in sexual conduct in an automobile, a fourth degree misdemeanor. On March 18, 2004, Appellant, acting pro se, waived his right to consult an attorney or to have a trial, and entered a plea of "no contest" before a magistrate in Youngstown Municipal Court. The court informed Appellant of the rights he was waiving by entering a no contest plea, and then accepted the plea. (3/18/04 Tr., pp. 2f.) The court entered a guilty verdict, and attempted to sentence Appellant to 30 days in jail, all suspended, a $150 fine, court costs, and one year of non-reporting probation. The court's journal entry was signed by the magistrate and dated the same day, March 18, 2004. The record does not contain any journal entry in which the judge adopted the March 18, 2004, magistrate's decision.
 {¶ 3} On April 20, 2004, Appellant, this time through counsel, filed a Motion to Vacate, which was actually a motion to withdraw his plea pursuant to Crim.R. 32.1. In his motion, Appellant noted that he consented to the jurisdiction of the magistrate. The stated reason for filing the motion was that the plea was not made voluntarily. The plea was allegedly involuntary because the police officers told Appellant to enter a no contest plea or else they would show up in court and Appellant would, "not be happy."
 {¶ 4} The trial judge overruled the motion on June 16, 2004, explaining that the reason Appellant gave for withdrawing his plea did not rise to the level of a manifest injustice. This journal entry was signed by the trial judge, and not by the magistrate. Appellant filed this appeal on July 15, 2004. A four-page transcript has also been filed. Appellee has not responded in this appeal, and this Court may accept Appellant's statement of the facts and issues as correct, and reverse the judgment if it appears reasonable to do so. App.R. 18(C).
 FINAL APPEALABLE ORDER {¶ 5} A court of appeals has jurisdiction to review final appealable orders. R.C. § 2505.02(B). In a criminal case, the final appealable order normally consists of the verdict and a sentencing order. Crim.R. 32(B). "In a criminal case, where there has been no pronouncement of sentence, an order of the trial court overruling defendant's motion for leave to withdraw his plea of guilty is interlocutory in nature, does not amount to a judgment and is not a final appealable order." State v.Chamberlain (1964), 177 Ohio St. 104, 29 O.O.2d 268,202 N.E.2d 695, syllabus; see also State v. Abi-Aazar,154 Ohio App.3d 278, 2003-Ohio-4780, 797 N.E.2d 98. Based on our review of the record, and on the analysis that follows, we find that there is no final judgment of sentence in this case, and therefore, we do not have jurisdiction to rule upon the trial court's interlocutory decision to overrule Appellant's motion to vacate his plea.
 {¶ 6} Although the magistrate in this case attempted to sentence Appellant, Crim.R. 19 (dealing with the referral of criminal cases to magistrates) does not allow a magistrate to impose a sentence, but only to recommend one. Crim.R. 19(C)(1)(c)(ii) states:
 {¶ 7} "(ii) In misdemeanor cases, a magistrate may accept and enter guilty and no contest pleas, determine guilt or innocence, receive statements in explanation and in mitigation of sentence, and recommend a penalty to be imposed. If the offense charged is an offense for which imprisonment is a possible penalty, the matter may be referred only with the unanimous consent of the parties, in writing or on the record in open court." (Emphasis added.)
 {¶ 8} A magistrate's decision generally does not become effective until ruled upon by the court. Crim.R. 19(E)(3)(a). Although Crim.R. 19 does give magistrates the power to issue some types of orders independent of any action of the trial judge, it does not give magistrates the power to impose a sentence. This is in sharp contrast to a mayor's court magistrate, who has specific statutory authority to impose a sentence without review or approval by the mayor. R.C. § 1905.05(A). Thus, the sentence pronounced by the magistrate in this case remains solely as a recommendation. Without an actual sentencing order issued by the trial judge, the journal entry overruling Appellant's motion to vacate his plea is an interlocutory order and is not ripe for review.
 {¶ 9} The record does indicate that Appellant consented to the jurisdiction of the magistrate. As noted above, Crim.R. 19(C)(1)(c)(ii) requires a defendant to consent to the jurisdiction of the magistrate in a misdemeanor case where imprisonment is a possible penalty. Nevertheless, Crim.R. 19(C)(1)(c)(ii) does not give the magistrate the authority to impose sentence, even if the defendant has consented to the jurisdiction of the magistrate. We find no other authority in Crim.R. 19 which would allow the magistrate to impose the final sentence in this case. As stated previously, the trial court was required to impose the sentence by adopting, rejecting, or modifying the magistrate's recommendation. The trial court did not rule on the magistrate's sentencing recommendation and did not file any separate sentencing entry. Therefore, Appellant has filed an appeal of a non-final interlocutory order, and we do not have jurisdiction to review that order.
 {¶ 10} Although we must dismiss this appeal, we are compelled to make some additional observations. In the instant case, the trial judge ruled on a motion to vacate Appellant's guilty plea, but did not sustain the motion. Given that there is no proper sentencing entry in the record, Appellant's motion can only be viewed as a presentence motion to withdraw a plea. Crim.R. 32.1 states:
 {¶ 11} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 12} A presentence request to withdraw a plea should be, "freely allowed and treated with liberality," although the decision still rests within the sound discretion of the trial court. Xie, supra, at 526, 584 N.E.2d 715. It is apparent from the record that the trial court did not consider Appellant's motion to withdraw his plea as a presentence motion, but rather, as a postsentence motion, which may only be granted to correct a manifest injustice: "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." State v.Smith (1977), 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, paragraph one of the syllabus; Crim.R. 32.1. The standards for disposing of a presentence versus a postsentence motion to withdraw a plea are quite different. Given our conclusion that the trial court ruled on a presentence motion to withdraw a plea, and that the ruling is interlocutory here, the trial court may wish to revisit its conclusion in light of this Opinion.
 CONCLUSION {¶ 13} This appeal does not contain a final appealable order. The trial court's decision on the motion to withdraw Appellant's plea remains an interlocutory order until sentence has been properly imposed by the trial court. We find that the trial court did not rule on the magistrate's sentencing recommendation, thus, sentence has not been imposed. Given the interlocutory nature of the judgment being appealed, this Court does not have jurisdiction. The matter is hereby dismissed for lack of a final appealable order. Based on the record herein, the trial court should revisit its interlocutory decision regarding Appellant's motion to withdraw his plea and, if the motion is properly denied, should file its own sentencing order.
Donofrio, P.J., and DeGenaro, J., concurs.