[Cite as *State v. Kona*, 2014-Ohio-1242.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100191

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ISSA KONA

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-06-480390

**BEFORE:** Boyle, A.J., Celebrezze, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 27, 2014

**ATTORNEYS FOR APPELLANT**

Joseph T. Burke
Michael G. Polito
Polito Paulozzi Rodstrom & Burke
21300 Lorain Road
Fairview Park, Ohio   44126


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Diane Smilanick
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, A.J.:

**{¶1}** Defendant-appellant, Issa Kona, appeals the trial court's judgment denying

his motion to withdraw his plea and vacate judgment.  He raises four assignments of error

for our review:

1. The trial court erred when it failed to provide the non-citizen
defendant-appellant with the required advisement as to potential immigration
consequences as required by R.C. 2943.031, as defendant-appellant's
admission of guilt is equated with a guilty plea for immigration purposes.

2. Defendant-appellant's plea was not made knowingly, voluntarily, and
intelligently and therefore the plea was made in violation of his
constitutional rights.

3. The trial court erred when it refused to withdraw Kona's plea and vacate
the conviction pursuant to Crim.R. 32.1.

4. The trial court had jurisdiction to withdraw the plea and vacate the
conviction after the dismissal was recorded in this case.

**{¶2}** Finding no merit to his appeal, we affirm.

<u>Procedural History and Factual Background</u>

**{¶3}** In May 2006, Kona was indicted on two counts of robbery in violation of

R.C. 2911.02.  The police report alleged:

On Saturday, April 1, 2006, Issa S. Kona stole a Dewalt 18 volt battery
charger from Home Depot located at 11901 Berea Rd., Cleveland, Ohio
44111.  When Kona was confronted by security personnel outside of the
store, he refused to return the stolen property after which he fought with
security personnel, refusing to return the property.  Kona was finally
handcuffed and brought to the security office where the stolen property was
recovered.

**{¶4}** On the day of trial, Kona requested a continuance to apply for the Cuyahoga County pretrial diversion program. As part of the application for the diversion program, Kona was required to complete a written admission of guilt statement. In his admission statement, Kona said:

> On April 1, 2006, I entered the Home Depot located at 11901 Berea Road, Cleveland, Ohio and took a battery charger, removed it from its package, and hid it in my coat. I purchased a window for $180 and exited the store.
>
> As I left the store, I was confronted and apprehended by three (3) store security men. The battery charger was found in my coat and recovered.
>
> The total value was $59.00[.]

**{¶5}** After the state found that Kona met the eligibility requirements for the diversion program, the court approved Kona's acceptance in the program and ordered that his case be placed in inactive status until further notice.

**{¶6}** In May 2007, upon the state's motion, the trial court found that Kona had successfully completed the diversion program. Subsequently, the trial court dismissed Kona's case with prejudice. Kona moved to expunge the record of the case, which the state did not oppose. The trial court granted Kona's motion to expunge the record and ordered that the record be sealed.

**{¶7}** According to Kona, he is a citizen of Palestine, but he has been a legal resident of the United States since 2002. After his criminal case was dismissed, Kona applied to become a naturalized citizen of the United States. He was advised that because he completed the admission of guilt statement as part of his application to the diversion program, he will be "subject to deportation upon the final processing of [his]

application." Kona contacted several immigration attorneys, who advised him that he "must withdraw [his] guilty plea and vacate [his conviction] in order to avoid deportation."

{¶8} After Kona talked to the immigration attorneys, he moved to unseal the record of his criminal case, which the trial court granted. Kona then moved to "withdraw his plea and vacate judgment." The trial court held a hearing on Kona's motion in April 2013. After the hearing, the trial court denied Kona's motion. It is from this judgment that Kona appeals.

### R.C. 2943.031 — Advisement as to Possible Deportation

{¶9} In his first assignment of error, Kona argues that his admission of guilt operated as a guilty plea in the diversion program. For this reason, he maintains that the trial court was required to give him the mandatory advisement as to potential immigration consequences under R.C. 2943.031. In his second assignment of error, he contends that his "plea" was not knowingly, voluntarily, and intelligently entered into because the trial court failed to properly advise him as to potential immigration consequences under R.C. 2943.031. In his third assignment of error, he argues that the trial court erred when it denied his motion to withdraw his "plea." And in his fourth assignment of error, he argues that the trial court had jurisdiction to withdraw his "plea."

{¶10} The crux of Kona's arguments throughout his appeal — or the threshold determination underlying each of his arguments — is that his admission of guilt statement that he made when applying to the pretrial diversion program was the equivalent of entering into a guilty plea. Therefore, he argues that he was entitled to all of the

protections that he would have been afforded had he actually entered a plea of guilty, including those protections under Crim.R. 11 and R.C. 2943.031. Thus, before we can reach the substantive arguments that Kona is making in each of his assignments of error, we must first agree with his threshold argument that the admission of guilt statement that he made to enter the Cuyahoga County diversion program is the equivalent to a guilty plea.

{¶11} With two exceptions that are not applicable here, R.C. 2943.031(A) provides in relevant part that

> [P]rior to accepting a plea of guilty or a plea of no contest to an indictment * * *, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:
>
> If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.[1]

{¶12} Crim.R. 11(C) details the steps a trial court must follow before accepting a plea of guilty or no contest in a felony case. The overall goals expressed in Crim.R. 11(C)(2) are to ensure that "the defendant is making the plea voluntarily," understands "the nature of the charges" and "the maximum penalty" that may ensue, understands "the effect of the plea," and understands the rights that he or she is waiving.

---

[1] A trial court does not have to orally give this advisement if "(1) The defendant enters a plea of guilty on a written form, the form includes a question asking whether the defendant is a citizen of the United States, and the defendant answers that question in the affirmative; [or] (2) The defendant states orally on the record that he is a citizen of the United States."

**{¶13}** Within that framework, Crim.R. 11(C)(2) lists specific matters the trial court is to inform the defendant of, including nonconstitutionally based matters (such as nature of the charges and the maximum penalty involved) and constitutional rights being waived (such as trial by jury and confrontation of witnesses), before the judge may accept the plea. R.C. 2943.031(A) creates an additional warning requirement to non-citizens. To the extent that R.C. 2943.031(A) goes beyond Crim.R. 11(C)(2), the General Assembly has created a substantive right that supplements the procedural rule. *See State v. Francis,* 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 28-29.

<u>R.C. 2935.36 — Pretrial Diversion Program</u>

**{¶14}** Pretrial diversion programs are governed by R.C. 2935.36. This provision provides:

> The prosecuting attorney may establish pre-trial diversion programs for adults who are accused of committing criminal offenses and whom the prosecuting attorney believes probably will not offend again. The prosecuting attorney may require, as a condition of an accused's participation in the program, the accused to pay a reasonable fee for supervision services that include, but are not limited to, monitoring and drug testing. The programs shall be operated pursuant to written standards approved by journal entry by the presiding judge or, in courts with only one judge, the judge of the court of common pleas[.]

R.C. 2935.36(A).

**{¶15}** Under R.C. 2935.36(B), an accused entering a pretrial diversion program must do each of the following:

> (1) Waive, in writing and contingent upon the accused's successful completion of the program, the accused's right to a speedy trial, the preliminary hearing, the time period within which the grand jury may

consider an indictment against the accused, and arraignment, unless the hearing, indictment, or arraignment has already occurred;

(2) Agree, in writing, to the tolling while in the program of all periods of limitation established by statutes or rules of court, that are applicable to the offense with which the accused is charged and to the conditions of the diversion program established by the prosecuting attorney;

(3) Agree, in writing, to pay any reasonable fee for supervision services established by the prosecuting attorney.

**{¶16}** The pretrial diversion program statute further mandates the following:

(C) The trial court, upon the application of the prosecuting attorney, shall order the release from confinement of any accused who has agreed to enter a pre-trial diversion program and shall discharge and release any existing bail and release any sureties on recognizances and shall release the accused on a recognizance bond conditioned upon the accused's compliance with the terms of the diversion program.   * * *

(D) If the accused satisfactorily completes the diversion program, the prosecuting attorney shall recommend to the trial court that the charges against the accused be dismissed, and the court, upon the recommendation of the prosecuting attorney, shall dismiss the charges.   If the accused chooses not to enter the prosecuting attorney's diversion program, or if the accused violates the conditions of the agreement pursuant to which the accused has been released, the accused may be brought to trial upon the charges in the manner provided by law, and the waiver executed pursuant to division (B)(1) of this section shall be void on the date the accused is removed from the program for the violation.

R.C. 2935.36(C) and (D).

**{¶17}** Cuyahoga County's pretrial diversion program requires a defendant to complete an admission of guilt statement as part of the application into the diversion program.   The instructions (at the time Kona applied to the program) stated: "You are to provide a complete, accurate, and truthful statement concerning your present criminal charge(s).   This statement must admit to the crimes for which you are charged."

**{¶18}** Kona maintains that because he had to admit to the crimes, it was the equivalent to entering a guilty plea. He therefore contends that the trial court was required to ensure that he was admitting to the crimes voluntarily, knowingly, and intelligently pursuant to Crim.R. 11, and because he was not a United States citizen, part of a voluntary, knowing, and intelligent plea would also include the protections set forth in R.C. 2943.031.

**{¶19}** Although we sympathize with Kona and agree that the application of the immigration laws in his case result in a manifest injustice, we cannot agree with him that the trial court erred here. Although R.C. 2935.36(A) requires pretrial diversion programs to be "operated pursuant to written standards approved by journal entry by the presiding judge or, in courts with only one judge, the judge of the court of common pleas[,]" there is nothing in the statute that requires a trial court to ensure that a defendant knowingly, voluntarily, and intelligently enters into a pretrial diversion program. Nor is there anything in R.C. 2943.031 that requires a trial court to advise a defendant of possible immigration consequences if that defendant is entering into a pretrial diversion program. Upon a plain reading of these statutes, it is clear that Kona would have only been afforded these protections had he entered a plea of guilty or no contest. Then the trial court would have been required to follow Crim.R. 11 and R.C. 2943.031.

**{¶20}** Kona cites to a number of cases dealing with a diversion program, claiming that they support his arguments. But in these cases, the defendant pleaded guilty — after a Crim.R. 11 hearing — prior to entering into the diversion program. *See State v.*

*Abi-Aazar*, 154 Ohio App.3d 278, 2003-Ohio-4780, 797 N.E.2d 98 (9th Dist.); *State v. Curry*, 134 Ohio App.3d 113, 730 N.E.2d 435 (9th Dist.1999); *Strickland v. Ohio Bur. of Motor Vehicles*, 92 Ohio App.3d 755, 637 N.E.2d 95 (2d Dist.1994). Thus, these cases are not applicable here. Kona also cites to a number of other cases for different propositions — all of which have been reviewed by this court. None of these cases, however, supports his arguments.

{¶21} Kona further contends that if he had "failed to satisfactorily complete the terms and conditions of the diversion program, the case would have proceeded to sentencing on his guilty plea." This is simply not true. The trial court's judgment admitting Kona into the pretrial diversion program stated that if he failed to complete the diversion program, he "has given up the right to have the grand jury take final action on [his] case and agrees to be charged by way of information." And R.C. 2935.36(D) states that "if the accused violates the conditions of the agreement pursuant to which the accused has been released, the accused may be brought to trial upon the charges in the manner provided by law."

{¶22} Thus, we conclude that because Kona did not enter a plea of guilty or no contest as part of his pretrial diversion program, the trial court was not required to follow the mandates of Crim.R. 11 and R.C. 2943.031. In reaching this conclusion, Kona's remaining arguments must fail. A trial court cannot withdraw a plea that was never entered into, nor can it vacate a conviction that does not exist.

{¶23} Accordingly, Kona's four assignments of error are without merit.

**{¶24}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
EILEEN T. GALLAGHER, J., CONCUR