The STATE of Ohio, Appellee,

v.

PENNINGTON, Appellant.

[Cite as *State v. Pennington*, 187 Ohio App.3d 526, 2010-Ohio-2139.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23367.

Decided May 14, 2010.

Matthew Kortjohn, Assistant Prosecuting Attorney, City of Dayton, for appellee.

Glen H. Dewar, Public Defender, for appellant.

FROELICH, Judge.

{¶ 1} Jason Pennington appeals from an order of the Dayton Municipal Court, denying his motion to dismiss a notice of community-control violation and to vacate community control. Upon review of the record, we find that neither the trial court's decision denying his motion nor the magistrate's sentencing entry imposing community control was a final, appealable order. Accordingly, Pennington's appeal is dismissed for lack of a final, appealable order.

I

{¶ 2} On April 30, 2008, Jason Pennington, acting without counsel, pleaded guilty to petty theft, a first-degree misdemeanor, before a magistrate in the Dayton Municipal Court. The magistrate sentenced him to 180 days in jail, all of which was suspended. Pennington was ordered to complete one year of community control, which was conditioned on his completion of a theft clinic and payment of a fine of $150, restitution of $93.80, and court costs. The same day, the magistrate filed a "judgment entry," indicating that Pennington had pleaded guilty to petty theft and setting forth her recommended sentence; this entry was signed on a line for the magistrate's signature; there was no line for a judge's signature. Simultaneously, the magistrate filed a "sentencing entry," which set forth the same findings and sentence. The sentencing entry was signed by the magistrate on a line for the judge's signature, and her name was listed in the caption as the judge. Pennington did not file objections to the magistrate's recommended sentence. Nothing in the record demonstrates that the magistrate's sentencing entry was adopted by a judge or that the trial court entered a different judgment of conviction in Pennington's case.

{¶ 3} In January 2009, Pennington received a notice indicating that he had violated his community control by failing to report for scheduled probation appointments, by incurring new criminal charges in Vandalia Municipal Court for drug paraphernalia and theft, and by failing to comply with the Center for Alcoholism and Drug Addiction Services ("CADAS"). The notice also indicated that a community-control-revocation hearing was to be held. The notice had no signature, but had the magistrate's name with the title, "Judge," typed at the bottom. Pennington was ordered to appear for a revocation hearing on February 6, 2009; the order has a line for a judge's signature, but it is unsigned.

{¶ 4} After receiving the notice, Pennington obtained counsel through the Public Defender's Office and moved to dismiss the notice of violation and to vacate the order placing him on community control. Pennington argued that the magistrate had failed to obtain a valid waiver of counsel at his plea hearing and, thus, the magistrate had no authority to place him on community control and could not now revoke his community control.

{¶ 5} Although not reflected in the record, Pennington states that his motion was orally denied on February 6, 2009. The docket contains a handwritten notation initialed by the magistrate, also dated February 6, 2009, that says that the motion to dismiss and vacate community control "is denied – Def. was properly advised of his rts at arraignment." This notation was not adopted by a trial judge, and the page on which the notation was written was not filed.

{¶ 6} Pennington moved to stay all proceedings, including community control, pending an appeal; the motion to stay was granted by the magistrate. There is no indication that the judge reviewed or adopted the magistrate's order. Subsequently, on March 11, 2009, the magistrate signed an entry denying Pennington's motion to dismiss notice of community control and to vacate community control; five days later, a trial judge signed the entry and adopted the magistrate's decision. The entry was filed with the clerk of courts on March 17, 2009. Pennington did not file objections to the magistrate's decision.

{¶ 7} Pennington appeals from the March 17, 2009, order, denying his motion to dismiss the notice of community-control violation and to vacate community control.

## II

{¶ 8} Pennington's sole assignment of error states:

{¶ 9} "The magistrate below had no authority to proceed against appellant for violating community control, because the magistrate's original sentencing entry that placed appellant on community control had never been properly adopted by the court."

{¶ 10} Pennington claims that he did not "suffer a conviction" in this case, because the trial court never adopted the magistrate's sentencing decision recommending a suspended jail sentence and community control for petty theft. Pennington thus argues that the magistrate lacked the authority to commence proceedings against him for alleged violations of the conditions of his community control. Pennington further claims that, "[b]ecause Mr. Pennington had not suffered a conviction in this case, defense's motion [to dismiss the notice of violation and to vacate community control] was a nullity, as was the court's adoption of the magistrate's decision denying defense's motion. Without the court's having adopted the magistrate's original sentencing of Mr. Pennington, all that came after was of no legal effect."

{¶ 11} The state responds that Pennington's appeal is "plagued with several procedural errors." First, the state notes that Pennington is raising for the first time on appeal that the trial court did not adopt the magistrate's sentencing decision. The state notes that Pennington appears to have abandoned his argument before the trial court that his plea was ineffective because he did not validly waive his right to counsel. Second, even accepting for the sake of argument that Pennington never "suffered a conviction," the state asserts that his remedy is to seek a revised sentencing entry from the trial court, not an appeal. Third, the state asserts that Pennington waived any objection to the legal effect of the magistrate's decisions, because he failed to file any objections with the trial court. Finally, the state claims that the trial court did, in fact, adopt the magistrate's April 30, 2008 sentencing decision and, therefore, the magistrate had authority to initiate a community-control-violation hearing against him.[1]

{¶ 12} Crim.R. 19 governs the authority of magistrates in criminal cases. Of relevance to this appeal, magistrates sitting in misdemeanor cases are authorized to "determine guilt or innocence, receive statements in explanation and in mitigation of sentence, and recommend a penalty to be imposed." Crim.R. 19(C)(1)(c)(ii). If the possible penalty for the offense includes imprisonment, the matter may be referred to a magistrate only with the unanimous consent of the parties, in writing or on the record in open court. Id. Pennington's offense was a first-degree misdemeanor, subject to 180 days of confinement. There is nothing in the record that indicates that Pennington consented to the referral to the magistrate, as required. We state no opinion as to whether this lack of consent has any bearing on the validity of Pennington's plea.

---

1. We note that the state's statement in its brief that "Pennington erroneously claims that the lower court did not adopt the magistrate's decision" is misleading at best. Even accepting the state's legal argument, which we reject infra, Pennington's claim was made in his October 1, 2009 appellant's brief, and the administrative order, which the state contends belies the claim, was not filed until October 20, 2009, more than two weeks later. Not only was Pennington's claim not erroneous, it may have given rise to the subsequent administrative order.

{¶ 13} A party may file written objections to a magistrate's decision within 14 days of the filing of the decision. Crim.R. 19(D)(3)(b)(i). Objections must be specific and state with particularity all grounds for objection. Crim.R. 19(D)(3)(b)(ii). "Except for a claim of plain error, a party shall not assign on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law * * *, unless the party has objected to that finding or conclusion as required by Crim.R. 19(D)(3)(b)." Crim.R. 19(D)(3)(b)(iv). If no timely objections are filed, the trial court may adopt the magistrate's decision, "unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Crim.R. 19(D)(4)(c).

{¶ 14} A magistrate's decision is not effective unless it has been adopted by the court. Crim.R. 19(D)(4)(a). "No sentence recommended by a magistrate shall be enforced until the court has entered judgment." Crim.R. 19(D)(4)(b). In other words, the "[a]ctual imposition of a recommended penalty is reserved to the court, as part of the judgment the court imposes pursuant to Crim.R. 19(D)(4), adopting, modifying, or rejecting the magistrate's decision, after ruling on any objections filed by a party pursuant to Crim.R. 19(D)(3)(b)." *State v. Gilreath*, 174 Ohio App.3d 327, 2007-Ohio-6899, 882 N.E.2d 22, ¶ 30. The court may enter judgment during the 14–day objection period or after it has expired. Crim.R. 19(D)(4)(e)(i).

{¶ 15} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments or orders of lower courts. Section 3(B)(2), Article IV, Ohio Constitution; *State v. Lewis*, Lorain App. No. 08 CA 9379, 2009-Ohio-3322, 2009 WL 1914812, ¶ 4. "In a criminal case, the final appealable order normally consists of the verdict and a sentencing order." *State v. Waselich*, Mahoning App. No. 04 MA 164, 2005-Ohio-6449, 2005 WL 3293824, ¶ 5, citing Crim.R. 32(B).

{¶ 16} The magistrate accepted Pennington's guilty plea and sentenced him on April 30, 2008. Until the trial court adopts this decision and enters judgment, however, the magistrate's decision was merely an interlocutory recommendation, and it did not constitute a final, appealable order in Pennington's case. The record does not contain any judgment entry by a trial judge.

{¶ 17} The state asserts that the magistrate's recommended sentence in Pennington's case was adopted by the trial court in an "Administrative Order Confirming Recommended Penalties," signed by the Dayton Municipal Court's Administrative Judge and filed on October 20, 2009. That order—which is not part of the record in Pennington's case, but was attached to the state's brief—confirmed the findings and penalties recommended by the "duly appointed Magistrate" for all misdemeanor criminal cases "during the week commencing

April 29, 2008," in which the defendant pleaded guilty (or was found guilty upon a no-contest plea) and no objections had been filed. The order further stated that in all cases during that week in which a party has filed objections to the magistrate's "order," the cases would be referred for assignment by lot to a judge. The state argues that this administrative order constitutes a final judgment in Pennington's case.

{¶ 18} Under Crim.R. 32(C), "[a] judgment of conviction shall set forth the plea, the verdict or findings, and the sentence," and it becomes effective "only when entered on the journal by the clerk." The Supreme Court of Ohio has explained that, to constitute a final judgment of conviction, the trial court's judgment must contain "(1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court." *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 18.

{¶ 19} Although Pennington's case would fall within the time period referenced in the administrative order, the administrative order fails to comply with the requirements set forth in Crim.R. 32(C) and *Baker*. The order did not identify the defendants who had pleaded guilty or were found guilty on a no-contest plea and which of those persons had filed objections to the magistrate's recommended sentencing decision. The order failed to specify the sentences that the trial court was imposing on the defendants. In addition, although the order was filed with the clerk of courts, the administrative order was not filed in Pennington's case and entered on the journal. As a result, a final judgment of conviction has yet to be entered in Pennington's case.

{¶ 20} Morever, an administrative order is not the proper vehicle for entering a judgment of conviction. Under Sup.R. 4(B), an administrative judge "shall have full responsibility and control over the administration, docket, and calendar of the court or division and shall be responsible to the Chief Justice of the Supreme Court in the discharge of the administrative judge's duties, for the observance of these rules, and for the termination of all cases in the court or division without undue delay and in accordance with the time guidelines set forth in Sup.R. 39." The administrative judge's duties include assigning cases to individual judges or, in municipal and county courts, to particular sessions, pursuant to Sup.R. 36, requesting the assignment of visiting judges, developing accounting and auditing systems, administering personnel policies, filing required administrative judge reports, and performing "any other duties in furtherance of the responsibilities of the administrative judge." Loc.R. 1.1 of the Dayton Municipal Court concerning the administrative judge, follows Sup.R. 4.

{¶ 21} Although the October 20, 2009 administrative order states that it was entered "in an effort to facilitate the expeditious disposition of cases," the order was not directed to the administration of the court but, rather, was intended to be a judgment entry on the merits of Pennington's case and the cases of other similarly situated defendants whose pleas were taken and who were sentenced by the magistrate during the week of April 29, 2008. On its face, the administrative order also reflects that the administrate judge did not review, to any extent, the recommended sentences he was adopting. Although a judge is not required to conduct an independent review in the absence of objections to the magistrate's decision, Crim.R. 19(D)(4)(c) mandates that the judge review the magistrate's decision for "an error of law or other defect evident on the face of the magistrate's decision."

{¶ 22} In addition, we note that a municipal court judge other than the administrative judge had previously adopted the magistrate's decision denying Pennington's motion to dismiss the notice of violation and to vacate community control. To the extent that Pennington's case had been assigned to a specific judge, the assigned judge was "primarily responsible for the determination of every issue and proceeding in the case until its termination" and "all preliminary matters" are to be submitted to the assigned judge for disposition. Sup.R. 36(B)(1). Although the administrative judge may dispose of preliminary matters if the assigned judge is unavailable, id., the case had apparently been assigned to a specific judge and the adoption of a magistrate's recommended sentence and the entry of a final judgment in a criminal matter is not a "preliminary matter." For all of these reasons, we conclude that the administrative order did not constitute a valid final judgment within the meaning of Crim.R. 19(D)(4).

{¶ 23} Even assuming that the administrative order constituted a judgment of conviction in Pennington's case, the administrative order was filed on October 20, 2009, seven months after Pennington filed his notice of appeal and shortly after Pennington had filed his appellant's brief, in which he argued that no final judgment had been entered. Under these circumstances, we would be hard-pressed to construe Pennington's appeal as a premature appeal of the judgment of conviction, pursuant to App.R. 4(C).

{¶ 24} As for the trial court's denial of Pennington's motion to dismiss the community-control violation and to vacate community control, we also conclude that the trial court's decision is not a final, appealable order.

{¶ 25} R.C. 2505.02(B) provides:

{¶ 26} "An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 27} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶ 28} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶ 29} "(3) An order that vacates or sets aside a judgment or grants a new trial;

{¶ 30} "(4) An order that grants or denies a provisional remedy and to which both of the following apply:

{¶ 31} "(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

{¶ 32} "(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."

■ {¶ 33} In general, the denial of a motion to dismiss is not a final, appealable order. See *Wenzel v. Enright* (1993), 68 Ohio St.3d 63, 623 N.E.2d 69 (denial of motion to dismiss on double-jeopardy grounds is not a final, appealable order).

■ {¶ 34} In one portion of his motion, Pennington sought to dismiss the notice of community-control violation. According to the record, no community-control-violation hearing has been held on the alleged violation and he has not been found to have violated his community control. To the contrary, the magistrate "ordered" that the proceedings be stayed pending appeal. Consequently, Pennington's substantial rights have not been affected by the trial court's denial of his motion to dismiss the community-control-violation charge; Pennington's rights could have been adequately protected following a final judgment on the revocation proceedings. The denial of Pennington's motion to dismiss is not ripe for review.

■ {¶ 35} Pennington's motion also sought "to vacate the Court's order placing [him] on Community Control." Because the trial court had not adopted the magistrate's recommended sentence at the time Pennington filed his motion, Pennington's motion to vacate could be more properly construed as belated objections to the magistrate's sentencing entry. By the same token, the trial court's denial of his motion could be construed as a decision overruling Pennington's objections. Nevertheless, in the absence of a final judgment of conviction imposed pursuant to Crim.R. 19(D)(4), the trial court's ruling on Pennington's "motion to vacate community control" does not constitute a final, appealable order. See *Waselich*, supra, holding that the trial court's journal entry overrul-

ing defendant's motion to vacate his plea was interlocutory, since the sentence pronounced by the magistrate was solely a recommendation that had not been adopted by the trial court.

{¶ 36} Accordingly, we find that no final, appealable order exists in this case.

{¶ 37} Even if it were a final, appealable order, the trial court's denial of Pennington's motion to dismiss and to vacate community control would constitute plain error.[2] As stated above, at the time that Pennington filed his motion to dismiss, no judgment of conviction had been filed in his criminal case. Consequently, the magistrate's recommended sentence (i.e., community control) was not in effect and remained unenforceable in January 2009, when the magistrate issued a notice of community-control violation, and in March 2009, when the magistrate and the trial court denied Pennington's motion to dismiss the community-control-violation charge. Any decision upholding an effort to enforce a recommended sentence prior to the trial court's adoption of that sentence would have constituted plain error. In addition, even if the administrative order constituted a judgment of conviction by the trial court as of October 20, 2009, the magistrate cannot proceed upon the pending community-control-violation charge, since it alleges violations for acts that occurred prior to Pennington's being placed on community control by the judge.

{¶ 38} None of this decision should "diminish the standing of magistrates." *Quick v. Kwiatkowski* (Aug. 3, 2001), Montgomery App. No. 18620, 2001 WL 871406. "Magistrates truly do the 'heavy lifting' on which we all depend." Id. Nonetheless, "[m]agistrates are neither constitutional nor statutory courts * * * and their powers are wholly creatures of rules of practice and procedure promulgated by the Supreme Court." Id. "[T]hey are adjuncts of their appointing courts, which remain responsible to critically review and verify the work of the magistrates they appoint." Id., citing *Normandy Place Assoc. v. Beyer* (1982), 2 Ohio St.3d 102, 2 OBR 653, 443 N.E.2d 161.

{¶ 39} Finally, although Pennington's appeal was not ripe, he was not without recourse. Pennington could have filed a motion with the trial court, asking the court to enter a final judgment. In the event the trial court denied that motion, Pennington could have proceeded to compel the court to act by filing a petition

---

2. The state accurately points out that Pennington failed to object to the magistrate's sentencing decision and to her decision denying his motion to dismiss the community-control violation and to vacate community control. Pennington also raises, for the first time on appeal, a new basis for granting his motion. Crim.R. 19(D)(3)(b)(iv) permits an appellate court to review claims for plain error in the absence of an objection to the magistrate's decision. See *State v. Craft*, Greene App. No. 07 CA 46, 2008-Ohio-2717, 2008 WL 2313214, ¶ 26. Because Pennington failed to object to the magistrate's decisions, Pennington's assignment of error would have been subject to a plain-error analysis.

for a writ of mandamus or a writ of procedendo. *McAllister v. Smith,* 119 Ohio St.3d 163, 2008-Ohio-3881, 892 N.E.2d 914, ¶ 8.

### III

{¶ 40} Pennington's appeal will be dismissed for want of a final, appealable order.

Appeal dismissed.

BROGAN and GRADY, JJ., concur.