[Cite as *Berea v. Collins*, 2013-Ohio-4191.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99406**

## CITY OF BEREA

PLAINTIFF-APPELLEE

vs.

## JOSHUA A. COLLINS

DEFENDANT-APPELLANT

**JUDGMENT:**
DISMISSED

Criminal Appeal from the
Berea Municipal Court
Case No. 12 TRC 00242

**BEFORE:** Stewart, A.J., Celebrezze, J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 26, 2013

**ATTORNEY FOR APPELLANT**

Joseph F. Salzgeber
Foth & Foth Co., L.P.A.
11221 Pearl Road
Strongsville, OH    44136


**ATTORNEY FOR APPELLEE**

James N. Walters, III
City of Berea Prosecutor
11 Berea Commons
Berea, OH    44017

MELODY J. STEWART, A.J.:

{¶1} The city of Berea charged defendant-appellant Joshua A. Collins with operating a vehicle while intoxicated, having a prohibited blood alcohol level, and speeding. Collins filed a motion to suppress all statements made by him in addition to the results of field sobriety and blood alcohol tests on grounds that the police illegally entered his home and failed to conduct the sobriety tests in compliance with established standards. After the municipal court denied the motion to suppress, Collins pleaded no contest to a single count of operating a vehicle while intoxicated in exchange for the dismissal of the remaining counts. He consented to being sentenced, and was sentenced, by a court magistrate. His sole assignment of error contests the court's refusal to grant his motion to suppress evidence.

{¶2} We are unable to address the merits of this appeal because the trial judge failed to adopt the sentence imposed by the magistrate and enter it as a judgment of the court. Hence, there is no valid sentence and the appeal is not final.

{¶3} Crim.R. 19(C)(1)(c)(ii) permits a magistrate in a misdemeanor case to "accept and enter guilty and no contest pleas, determine guilt or innocence, receive statements in explanation and in mitigation of sentence, and *recommend* a penalty to be imposed." (Emphasis added.) That the magistrate only issues a "recommendation" of a penalty to be imposed is reinforced not only by Crim.R. 19(D)(4)(a) which states that "[a] magistrate's decision is not effective unless adopted by the court[,]" but by Crim.R. 32(C),

which states that a criminal judgment must set forth "the sentence" and "that the judge shall sign the judgment."

{¶4} Collins agreed in open court to have a magistrate sentence him, but that agreement could not confer on the magistrate authority that the Rules of Criminal Procedure give solely to a judge. The magistrate could recommend a sentence, but that sentence was not final until adopted by the court and set forth in a judgment. *State v. Pennington*, 187 Ohio App.3d 526, 2010-Ohio-2139, 932 N.E.2d 941 (2d Dist.); *Youngstown v. Waselich*, 7th Dist. Mahoning No. 04 MA 164, 2005-Ohio-6449. The judge did not adopt the magistrate's recommendation on sentencing, so there is no final judgment of conviction that conforms to Crim.R. 32.

{¶5} With no sentence having been adopted and reduced to judgment with the judge's signature, there was no final order of conviction. *See State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus ("A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court."). We therefore lack jurisdiction to hear this appeal.

{¶6} Accordingly, the appeal is dismissed.

It is ordered that appellee recover of appellant its costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
SEAN C. GALLAGHER, J., CONCUR