[Cite as *Middleburg Hts. v. Elsing*, 2016-Ohio-7051.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104116**

# CITY OF MIDDLEBURG HEIGHTS

PLAINTIFF-APPELLEE

vs.

# LEEANNA K. ELSING

DEFENDANT-APPELLANT

**JUDGMENT:**
DISMISSED

Criminal Appeal from the
Berea Municipal Court
Case No. 15 TRC 02854

**BEFORE:** Jones, A.J., Kilbane, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** September 29, 2016

**ATTORNEYS FOR APPELLANT**

Patrick M. Farrell
600 East Granger Road, 2nd Floor
Brooklyn Heights, Ohio 44131

John T. Forristal
P.O. Box 16832
Rocky River, Ohio 44116


**ATTORNEY FOR APPELLEE**

Peter H. Hull
City Law Director
City of Middleburg Heights Law Department
Middleburg Heights City Hall
15700 East Bagley Road
Middleburg Heights, Ohio 44130

LARRY A. JONES, SR., A.J.:

{¶1} For the reasons that follow, we dismiss this appeal for lack of a final, appealable order.

{¶2} In January 2015, defendant-appellant Leeanna Elsing was charged with driving under the influence of alcohol ("DUI"), blood alcohol content over .17 ("BAC"), and a continuous lane/weaving violation. Elsing filed a motion to dismiss for lack of jurisdiction and a motion to suppress evidence, and the trial court held a hearing on the motions. At the conclusion of the hearing, the trial judge denied both motions. Elsing pleaded no contest to the DUI charge and the trial court found her guilty; the BAC and continuous lane/weaving charges were dismissed. A magistrate sentenced Elsing. She now appeals the denial of her motions to dismiss and suppress evidence.

{¶3} This court ordered Elsing to show cause as to why this appeal should not be dismissed for lack of a final, appealable order. Specifically, this court noted that, although a magistrate has the authority to recommend a sentence to a trial court, the trial court must impose the sentence.

{¶4} Elsing filed a brief in response to this court's order, in which she contended that the "Berea Municipal Court Presiding Judge did, in fact, approve and adapt [sic] the Magistrate's sentence in the underlying case and issued a final appealable order." In support of her contention, Elsing attached an order signed by the trial court judge and filed with the clerk of the municipal court prior to Elsing filing this appeal, which substantively reads in its entirety as follows:

As to the cases below wherein action was taken by a Magistrate, as to each such case after review, the Court hereby confirms reference of the Case under authority of Criminal Rule 19 and Traffic Rule 14, and confirms that where required under said rules that the defendant has consented to the Magistrate's presiding over the matter, and in each such case where the defendant did not object to the Magistrate's decision, the Court hereby adopts such Magistrate[']s action as the final and appealable determination of this Court in each specific case.

**{¶5}** The order lists over 60 cases, one of which is this case. The order is not contained in the trial court file for Elsing's case.

**{¶6}** Crim.R. 19 governs the authority of magistrates in criminal cases and provides in part that magistrates presiding over misdemeanor cases are authorized to "determine guilt or innocence, receive statements in explanation and mitigation of sentence, and recommend a penalty to be imposed." Crim.R. 19(C)(1)(c)(ii).[1] The rule further provides that if imprisonment is a possible penalty for the offense charged, the matter may be referred to a magistrate "only with the unanimous consent of the parties, in writing or on the record in open court." *Id.*[2]

**{¶7}** Crim.R. 19 further provides under subsection (D)(4)(a) that a "magistrate's decision is not effective unless adopted by the court," and under subsection (D)(4)(b) that "[n]o sentence recommended by a magistrate shall be enforced until the court has entered

---

[1] *See also* Traf.R. 14, which governs the role of magistrates in traffic cases and provides for the appointment of magistrates "for the purpose of receiving pleas, determining guilt or innocence, receiving statements in explanation and in mitigation of sentence, and recommending penalty to be imposed."

[2] Elsing was convicted of a first-degree misdemeanor, which was subject to 180 days of imprisonment. *See* R.C. 2929.24. There is nothing in the record, however, to indicate that she consented to the referral of the case to a magistrate for sentencing.

judgment."  And under Crim.R. 19(D)(3)(b)(i), a party may file written objections to a magistrate's decision within 14 days of the filing of the magistrate's decision.  Thus, the "actual imposition of a recommended penalty is reserved to the court, as part of the judgment the court imposes pursuant to Crim.R. 19(D)(4), adopting, modifying, or rejecting the magistrate's decision, after ruling on any objections filed by a party pursuant to Crim.R. 19(D)(3)(b)."  *State v. Gilreath*, 174 Ohio App.3d 327, 2007-Ohio-6899, 882 N.E.2d 22, ¶ 30 (2d Dist.).

{¶8} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments or orders of lower courts.  Section 3(B)(2), Article IV, Ohio Constitution.  A final, appealable order in a criminal case normally consists of the verdict and a sentencing order.  *Youngstown v. Waselich*, 7th Dist. Mahoning No. 04 MA 164, 2005-Ohio-6449, ¶ 5.  Under Crim.R. 32(C), a "judgment of conviction shall set forth the fact of conviction and the sentence," and a "judgment is effective only when entered on the journal by the clerk."  The Supreme Court of Ohio has held that, to constitute a final judgment of conviction, the trial court's judgment must contain the following:  "(1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court."  *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 18.

{¶9} The Second Appellate District considered whether an order similar to the one issued by the trial court here constituted a final, appealable order, and held that it did not.

*State v. Pennington*, 187 Ohio App.3d 526, 2010-Ohio-2139, 932 N.E.2d 941 (2d Dist.).

The Second District reasoned that "an administrative order is not the proper vehicle for entering a judgment of conviction." *Id.* at ¶ 20. The court noted that although the trial court's order was entered "'in an effort to facilitate the expeditious disposition of cases,' the order was not directed to the administration of the court but, rather, was intended to be a judgment entry on the merits of Pennington's case and the cases of other similarly situated defendants * * *." *Id.* at ¶ 21, quoting the trial court's order.

**{¶10}** The court further found that "[o]n its face, the administrative order also reflects that the administrative judge did not review, to any extent, the recommended sentences he was adopting." *Id.* The court noted that although a trial judge is not required to conduct an independent review if no objections have been filed, nonetheless Crim.R. 19(D)(4)(c) requires the judge to review the magistrate's decision for an "error of law or defect evident on the face of the magistrate's decision." *Id.*, citing Crim.R. 19(D)(4)(c).

**{¶11}** Like the Second Appellate District, we do not find that the trial court's mass order in this case created a final, appealable order. The order, which is not even part of the trial court record, did not advise Elsing (or any of the other parties) of her right to object to the magistrate's decision, address any objections, or specify the sentence imposed in each individual case.

**{¶12}** As the Second District stated, "[n]one of this decision should 'diminish the standing of magistrates.'" *Pennington* at ¶ 38, quoting *Quick v. Kwiatkowski*, 2d Dist.

Montgomery No. 18620, 2001 Ohio App. LEXIS 3437 (Aug. 3, 2001). "'Magistrate's truly do the heavy lifting on which we all depend.' Nonetheless, '[m]agistrates are neither constitutional nor statutory courts * * * and their powers are wholly creatures of rules of practice and procedure promulgated by the Supreme Court.'" *Id.*, quoting *Quick*. "'[T]hey are adjuncts of their appointing courts, which remain responsible to critically review and verify the work of the magistrates they appoint.'" *Id.*, quoting *Quick*, citing *Normandy Place Assoc. v. Beyer*, 2 Ohio St.3d 102, 443 N.E.2d 161 (1982).

{¶13} Because no sentence was adopted and reduced to judgment with the trial judge's signature, there was no final order of conviction. *See Berea v. Collins*, 8th Dist. Cuyahoga No. 99406, 2013-Ohio-4191, ¶ 5; *Parma v. Blatnica*, 8th Dist. Cuyahoga No. 84661, 2005-Ohio-194, ¶ 9. We are therefore unable to reach the merits of this appeal.

{¶14} Appeal dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
MELODY J. STEWART, J., CONCUR