[Cite as *Scaccia v. Fid. Invests.*, 2019-Ohio-50.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**GREENE COUNTY**

| | | |
|---|---|---|
| JOHN J. SCACCIA | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 2018-CA-5 |
| | : | |
| v. | : | Trial Court Case No. 2013-CV-0907 |
| | : | |
| FIDELITY INVESTMENTS, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of January, 2019.

. . . . . . . . . . .

JOHN J. SCACCIA, 155 Linden Avenue, Dayton, Ohio 45403
    Plaintiff-Appellant, Pro Se

BRIAN SCACCIA, P.O. Box 183, Davis, California 95617
    Defendant-Appellee, Pro Se

. . . . . . . . . . . .

WELBAUM, P.J.

**{¶ 1}** John Scaccia ("John") appeals pro se from a judgment vacating a default judgment that he obtained against Brian Scaccia ("Brian"), who is also a pro se litigant. In support of his appeal, John contends that the procedural posture of the case precluded Civ.R. 60(B) relief. John also contends that the trial court erred in interpreting the law as it applied to meritorious defenses, in making a finding about the merit of Brian's defense before testimony was completed, and in failing to identify the specific defense and elements of the defense that were involved.

**{¶ 2}** In addition, John contends that no excusable neglect existed because Brian ignored correspondence from the court, and that the trial court otherwise abused its discretion in vacating the default judgment.

**{¶ 3}** We conclude that the trial court committed plain error in vacating the default judgment in John's favor, and reversal is required under the plain error doctrine. Brian's motion to vacate (urging Civ.R. 60(B) relief) was filed before the final default judgment was entered, and the trial court, therefore, should have construed it as a motion for reconsideration or as a motion for enlargement of time to object to the magistrate's decision.

**{¶ 4}** Once the trial court adopted the magistrate's decision and entered the final default judgment, the pending motion no longer existed, and was presumed to have been denied. Brian then appealed from the default judgment, raising the trial court's denial of his motion to vacate. However, his appeal was dismissed as untimely, and a final judgment existed, resolving all claims between the parties. Accordingly, the judgment of the trial court will be reversed, and this cause will be remanded with instructions to the

trial court to vacate the order granting the motion for relief from judgment.

I. Facts and Course of Proceedings

{¶ 5} In December 2013, John filed a complaint against Fidelity Investments, Brian, Brett Yoder, and various John and Jane Does. As pertinent to Brian, the complaint contained claims for breach of fiduciary duty, fraud and forgery, interference with business relationships, and unjust enrichment. The complaint also asked for an accounting and for separation of jointly held assets.

{¶ 6} John and Brian are the sons of Anne Ringkamp, who was 81 years old in July 2013. According to the complaint, Brian entered Ohio in July 2013, ostensibly to visit, but instead removed Anne from the State of Ohio, taking with him stock certificates and records, including stocks that were held in the name of John and his mother jointly, with the right of survivorship. After leaving Ohio on August 4, 2013, Brian returned to California and allegedly denied John and other family members access to Anne. On November 10, 2013, Anne was admitted to a hospital in California, and she died shortly thereafter, on November 23, 2013.

{¶ 7} Again, according to the complaint, John contacted Fidelity Investments in September 2013 and spoke with an investment advisor, Brett Yoder, to express concern about Anne's disappearance and his concern that Brian would attempt to seize Anne's assets. After providing assurances that Anne's account could not be liquidated or transferred, Fidelity nonetheless liquidated over $12,000 in the account in October or early November 2013. The money allegedly was transferred to Brian's control.

{¶ 8} On November 10, 2013, John unexpectedly received a check for around

$24,000 from a different financial account, Centerpoint Energy Investor Services ("Centerpoint"). The check, which was somehow sent to John, rather than Brian, was made out to three persons (John, Brian, and Anne). The complaint alleged that previously, on November 4, 2013, Centerpoint had received a letter instructing it to redeem 1,000 shares of stock for cash and unpaid dividends. According to John, he did not know about the transaction, had never authorized anyone to sign for him, and his signature on the letter to Centerpoint had been forged. The complaint further alleged that Brian had done the same thing with other stock certificates and holdings.

{¶ 9} The address listed for Brian on the complaint was 849 El Cemonte #247, Davis, California. John requested service of process on Brian at that address, and the clerk noted on January 10, 2014, that the service had been returned as unclaimed. On January 29, 2014, the court ordered service to be made by ordinary mail at the same address, and nothing was returned indicating that delivery had not been made.

{¶ 10} After Brian failed to timely file an answer, John filed a motion for default judgment against Brian on March 6, 2014. The same day, John filed a notice that he had settled with Fidelity and Yoder; he then filed a notice of dismissal with prejudice of his claims against Fidelity in May 2014.

{¶ 11} In April 2014, the trial court granted a default judgment against Brian, and on April 28, 2014, a magistrate filed a decision awarding compensatory damages of $41,769.51 against Brian, which included amounts converted by Brian from accounts and stocks including Fidelity Convertible Securities, Centerpoint, Frontier Enterprises, and Phillips Petroleum. Punitive damages of $6,000 were also awarded, and the decision authorized John to deposit two drafts from Centerpoint in partial payment of damages.

No objections were filed, and the court filed a final judgment entry on June 3, 2014, adopting the magistrate's decision and awarding damages to John. A nunc pro tunc judgment entry was filed on June 24, 2014, correcting the prior judgment from $41,679.51 to $47,679.51.

{¶ 12} In the meantime, on May 9, 2014, Brian filed a pro se "notice of pending petition for writ of mandamus on decision awarding damages and default judgment." On June 2, 2014, Brian also filed a "notice of emergency motion to (1) vacate default judgment and (2) for preliminary injunction to post bond * * *." Doc. #65. In this motion, Brian sought relief under Civ.R. 60(B)(1), (2), and (3). *Id.* at p. 2.

{¶ 13} Brian's affidavit in support of the motion alleged that his mother, Anne, had signed a final will in 1998 giving all her property to Brian. She had also allegedly rejected a prior will that John had authored in December 1997. According to Brian, he, John, and Anne shared multi-party accounts. However, he and John had agreed when the accounts were established that the money belonged only to their mother and that she could convert the accounts back to her name whenever she wished. In addition, Brian alleged that John had taken large sums of money from Anne before she moved to California. Finally, Brian stated that he did not receive the complaint even though John knew his address; instead, the case came to his attention when he was going through a pile of papers and learned that John had lost a request for a preliminary injunction.

{¶ 14} On August 1, 2014 (more than 30 days after the final judgment), Brian filed a motion for leave to file a delayed appeal from the default judgment and the award of damages and a memorandum in support of such an appeal. However, we overruled his motion to file a "delayed appeal" and dismissed the appeal for lack of jurisdiction. *See*

*Scaccia v. Fidelity Invests.*, 2d Dist. Greene No. 2014-CA-34 (Sept. 17, 2014). No appeal was taken from our judgment.

{¶ 15} In September 2014, the magistrate set an October 21, 2014 hearing date on the motion to vacate the default judgment. The hearing was rescheduled a number of times, based on video problems and to give John time to obtain depositions of postal employees in California.[1] Ultimately, the hearing was held in December 2014, and several witnesses testified, including Brian, John, John's secretary, and John's daughter.

{¶ 16} The magistrate extended the time for depositions of the postal employees several times, and the last extension expired in late March 2015. After that date, John filed declarations from postal employees, who had originally been deposed in November 2014. However, the magistrate denied John's application to submit the declarations and his additional motion to supplement the evidence. Subsequently, in December 2015, the magistrate filed a decision granting Brian's motion to vacate the default judgment. John then filed objections and supplemental objections to the magistrate's decision, but the trial court overruled the objections in January 2018 and vacated the default judgment. This timely appeal followed.

## II. Procedural Posture

---

[1] The issue concerning postal employees was that the address where service was attempted was 849 El Cemonte #247, rather than 4849 El Cemonte #247, which was Brian's correct address. However, the testimony from postal employees (which ultimately was not admitted) was that under post office procedures, the complaint would have been delivered to Brian's address, due to these facts: El Cemonte was a very short street (the numbers on that street only began in the 4800 range and ended in the 5400 range); 4849 was an apartment building with numbers from 101 to 251; Brian was listed with the post office as an occupant in #247 at that address; and no forwarding request had been filed.

**{¶ 17}** John's First Assignment of Error states that:

The Procedural Posture of this Case Precludes Civ.R. 60(B) Relief.

**{¶ 18}** Under this assignment of error, John contends that the trial court should not have granted the motion to vacate the default judgment because Brian never filed objections to the magistrate's decision granting default judgment. John also points out that Brian failed to file a motion to vacate either the trial court's June 3, 2014 final appealable order (which adopted the magistrate's decision and rendered a final judgment) or the June 24, 2014 amended final appealable order (which was a nunc pro tunc judgment relating to the June 3, 2014 judgment). Instead, Brian filed his motion to vacate on June 2, 2014, before the trial court issued a final judgment, and then filed an untimely appeal.

**{¶ 19}** Civ.R. 60(B) provides that:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made

within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

**{¶ 20}** John failed to raise this procedural issue in the trial court, either in his objections to the magistrate's decision or in supplemental objections. Under established authority, failure to raise a specific challenge to a magistrate's decision waives error other than plain error. *Care Risk Retention Group v. Martin*, 191 Ohio App.3d 797, 2010-Ohio-6091, 947 N.E.2d 1214, ¶ 79-80 (2d Dist.).

**{¶ 21}** "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus.

**{¶ 22}** It is true that Brian filed his motion to vacate before the trial court entered a final judgment. Brian's first appearance in the action was on May 9, 2014, when he filed a notice that he intended to appeal, and that he intended to file a petition for a writ of mandamus. Brian's second appearance in the action, seeking Civ.R. 60(B) relief, occurred on June 2, 2014, before the trial court entered a final judgment adopting the magistrate's decision and awarding damages.

**{¶ 23}** The magistrate's order granting the default judgment was filed on April 15, 2014, and the order stated that the matter would be set for a hearing on damages. No objections to the order were filed. However, no final appealable order existed because damages had not yet been awarded. A default judgment is not a final appealable order

until a decision on damages has been made. *Jones v. Robinson*, 2d Dist. Montgomery No. 17914, 2000 WL 5930, *1 (Jan. 7, 2000); *State ex rel. Bd. of State Teachers Retirement Sys. of Ohio v. Davis*, 113 Ohio St.3d 410, 2007-Ohio-2205, 865 N.E.2d 1289, ¶ 48; *Hsing v. Shu*, 6th Dist. Lucas No. L-04-1332, 2005-Ohio-3047, ¶ 5 (default judgment on liability only, leaving damages for later hearing, is not final appealable order).

**{¶ 24}** A hearing on damages was held on April 28, 2014, and the magistrate then filed a decision awarding John $41,769.51 in compensatory damages and $6,000 in punitive damages, based on the evidence presented at the hearing. *See* Doc. #58. However, this was not a final judgment because "[a] magistrate's decision is merely an interlocutory recommendation that does not constitute a final appealable order until the trial court adopts the decision." *State v. Wheeler*, 2016-Ohio-2964, 65 N.E.3d 182, ¶ 17 (2d Dist.), citing *State v. Pennington*, 187 Ohio App.3d 526, 2010-Ohio-2139, 932 N.E.2d 941, ¶ 16 (2d Dist.).

**{¶ 25}** No objections were filed to the April 28, 2014 magistrate's decision, and the default judgment became a final judgment on June 3, 2014, when the trial court adopted the magistrate's decision and entered judgment for John in the amount of $41,769.51. *See* Doc. #70. Because the punitive damages were omitted from the judgment, the trial court entered a nunc pro tunc judgment on June 24, 2014, increasing the judgment to $47,769.51. *See* Doc. #78.

**{¶ 26}** Nunc pro tunc entries are used to correct clerical errors, relate back to the judgment entry being corrected, and do not extend the time for appeal. *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 19. As a result, the judgment became final on June 3, 2014, which was after Brian filed his motion to vacate. However,

even if the judgment had become final on June 24, 2014, that was after the motion to vacate was filed. And, as was noted, we dismissed Brian's untimely appeal for lack of jurisdiction. *Scaccia*, 2d Dist. Greene No. 2014-CA-34, at p. 6. No appeal was taken from our decision.

{¶ 27} Courts have held that motions for relief from judgment are improperly considered as such when a final judgment has not been entered. *See DaimlerChrysler Fin. Servs. N. Am. v. Hursell*, 9th Dist. Summit No. 24815, 2011-Ohio-571, ¶ 12 (trial court improperly disposed of defendant's motion under Civ.R 60(B) because summary judgment order was not final before motion was filed); *Bencin v. Bencin*, 9th Dist. Medina No. 14CA0063-M, 2016-Ohio-54, ¶ 7 ("[w]here a party moves to vacate a judgment which is not final, the trial court may not properly grant Civ.R. 60 relief"; motions for relief from judgment only lie where the trial court has issued a final judgment); *Jarrett v. Dayton Osteopathic Hosp., Inc.*, 20 Ohio St.3d 77, 78, 486 N.E.2d 99 (1985) ("motion for relief was improperly labeled a Civ.R. 60(B) motion because it did not seek relief from a final judgment").

{¶ 28} Where parties have filed interlocutory motions for Civ.R. 60(B) relief, courts have construed them as motions for reconsideration of the interlocutory order or as motions under Civ.R. 6(B) for enlargement of time due to excusable neglect. *See Seniah Corp. v. Buckingham, Doolittle & Burroughs, L.L.P.*, 5th Dist. Stark No. 2016CA00039, 2016-Ohio-7516, ¶ 19-21 (motion purporting to request relief from judgment pursuant to Civ.R. 60(B) should have been construed as a motion for reconsideration); *Settlers Bank v. Burton*, 4th Dist. Washington Nos. 12CA36 and 12CA38, 2014-Ohio-335, ¶ 37-38; Civ.R. 6(B)(2) (allowing parties to seek additional time, based on excusable neglect, after

time allowed for acts has expired); *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.*, 72 Ohio St.3d 464, 466, 650 N.E.2d 1343 (1995) (excusable neglect permitted late filing of answer; "test for excusable neglect under Civ.R. 6(B)(2) is less stringent than that applied under Civ.R. 60(B)(2)").

{¶ 29} Courts have also applied Civ.R. 6(B) to situations where parties are seeking leave to untimely object to a magistrate's decision.   *See, e.g., Zugg v. Wisby*, 12th Dist. Warren No. CA2010-08-079, 2011-Ohio-2468, ¶ 8-11; *Bayview Loan Servicing, L.L.C. v. Likely*, 2017-Ohio-7693, 97 N.E.3d 1025, ¶ 17-18 (9th Dist.).   Because the trial court had not filed a final judgment when Brian's motion was made, the motion should have been considered as a motion for reconsideration or as a Civ.R. 6(B) motion for reconsideration.

{¶ 30} When the trial court issued a final judgment without ruling on the motion, the motion no longer existed, because a final judgment had been entered. *See, e.g.*, *Georgeoff v. O'Brien*, 105 Ohio App.3d 373, 378, 663 N.E.2d 1348 (9th Dist.1995) (when trial court fails to rule on motion, motion is presumed denied for purposes of appeal); *Pentaflex v. Express Servs., Inc.*, 130 Ohio App.3d 209, 217, 719 N.E.2d 1016 (2d Dist.1998) (court's failure to rule on motion to amend complaint is presumed a denial of the motion).

{¶ 31} Brian raised the trial court's denial of his June 2, 2014 motion to vacate during his prior appeal to our court.   *See* August 1, 2014 Motion for Leave to File a Delayed Appeal and Memorandum in Support of Motion for Delayed Appeal, p. 2 (filed in 2d Dist. Greene No. 14-CA-34 and asserting this ground as the fifth alleged assignment of error).   As was noted earlier, we dismissed that appeal on September 17, 2014.

{¶ 32} Our decision stressed that "Ohio law does not allow delayed appeals in civil

cases" and that we lacked jurisdiction over the untimely appeal because Brian filed his notice of appeal more than 30 days after the trial court's final judgment. *See Scaccia*, 2d Dist. Greene No. 14-CA-34 at pp. 2 and 4. Brian did not thereafter appeal from our decision to the Supreme Court of Ohio, and the time for taking that appeal has long since passed. *See, e.g., State v. Davie*, 74 Ohio St.3d 232, 658 N.E.2d 271 (1996); *Federated Mgt. Co. v. Latham & Watkins*, 90 Ohio St.3d 1438, 736 N.E.2d 901 (2000) (where party fails to timely appeal, Supreme Court of Ohio is divested of jurisdiction).

**{¶ 33}** The law is settled that "an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit." *Rogers v. City of Whitehall*, 25 Ohio St.3d 67, 69, 494 N.E.2d 1387 (1986). As a result, any further action between these parties in connection with the case below was and is barred following our dismissal of Brian's appeal in September 2017. *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 381-382, 653 N.E.2d 226 (1995).

**{¶ 34}** Notably, pro se litigants are required to follow the same procedures as parties who are represented by counsel. *State ex rel. Gessner v. Vore*, 123 Ohio St.3d 96, 2009-Ohio-4150, 914 N.E.2d 376, ¶ 5. " 'It is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel.' " (Italics sic.) *State ex rel. Fuller v. Mengel,* 100 Ohio St.3d 352, 2003-Ohio-6448, 800 N.E.2d 25, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654, 763 N.E.2d 1238 (10th Dist.2001).

**{¶ 35}** In view of the above discussion, we find plain error. Accordingly, John's First Assignment of Error is sustained.

### III. Alleged Error Regarding Civ. R. 60(B) Request

**{¶ 36}** John's Second, Third, and Fourth Assignments of Error are interrelated and will be considered together.   Respectively, these assignments of error are as follows:

The Trial Court Committed Prejudicial Error as a Matter of Law in Its Interpretation of Law on Meritorious Defense, Making Its Finding Before Cross Examination or Other Testimony Was Completed, Without Clearly Identifying the Specific Defense and Elements Thereof, and Failure to Apply the Correct Law in the Instant Case.

There Is No Excusable Neglect for Ignoring Correspondence From the Court or Under the Circumstances Brian Testified to and Brian's Claim for Excusable Neglect Is Negated by the "Control Rule."

The Trial Court Otherwise Abused Its Discretion.

**{¶ 37}** Under these assignments of error, John challenges the trial court's decision to vacate the default judgment based on various alleged errors.   These include: that the trial court improperly interpreted the law concerning meritorious defenses; that the court erred in finding excusable neglect; and that the court otherwise abused its discretion.   In view of our disposition of the First Assignment of Error, these assignments are moot and are overruled.

### IV. Conclusion

**{¶ 38}** John's First Assignment of Error having been sustained, and the remaining assignments of error having been overruled as moot, the judgment of the trial court is

reversed, and this matter is remanded to the trial court with instructions to vacate its January 4, 2018 order vacating the default judgment.

. . . . . . . . . . . .

HALL, J. and TUCKER, J., concur.

Copies sent to:

John J. Scaccia
Brian Scaccia
Hon. Michael A. Buckwalter