[Cite as *Parma v. Greyssa*, 2019-Ohio-4576.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF PARMA, | : | |
| Plaintiff-Appellee, | : | No. 108032 |
| v. | : | |
| MOHAMED GREYSSA, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** DISMISSED
**RELEASED AND JOURNALIZED:** November 7, 2019

Criminal Appeal from the Parma Municipal Court
Case No. 18-TRC-01845

***Appearances:***

John J. Spellacy, *for appellee.*

William B. Norman, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Mohamed Greyssa filed a notice of appeal of the denial of his motion to suppress evidence. However, for the reasons that follow, we dismiss his appeal for lack of a final, appealable order.

{¶ 2} Greyssa was charged with operating a vehicle under the influence ("OVI") in violation of R.C. 4511.19(A)(1)(a) and refusal of test in violation of R.C.

4511.19(A)(2).  Greyssa pled not guilty to the charges and filed a motion to suppress evidence.  A magistrate held an evidentiary hearing on the motion to suppress.  Following the hearing, the magistrate issued a "judgment entry" denying the motion to suppress.[1]  Greyssa filed objections to the magistrate's decision.[2]  The trial judge did not rule on Greyssa's objections or adopt, reject or modify the magistrate's decision.

{¶ 3}  Greyssa thereafter pled no contest to the OVI count in exchange for the dismissal of the remaining count.  Because it was Greyssa's third OVI offense in six years, he faced a potential jail sentence of up to one year.  *See* R.C. 4511.19(G)(1)(c).  A magistrate conducted the change-of-plea hearing, accepted Greyssa's no contest plea and found him guilty.  However, there is no indication in the record that the magistrate informed Greyssa of the effect of his plea prior to

---

[1] Although the magistrate did not caption his ruling a "magistrate's decision," because it was issued after an evidentiary hearing the magistrate presided over, set forth facts and law, applied the facts to the law, and then reached a determination, it is properly regarded as a magistrate's decision.  *See, e.g., In re J.B.*, 2017-Ohio-293, 81 N.E.3d 953, ¶ 18 (8th Dist.); *State v. J.A.C.*, 12th Dist. Warren Nos. CA2017-04-044 and CA2017-04-045, 2018-Ohio-361, ¶ 10, fn. 2; *see also* Crim.R. 19(D)(2)(a)(i) ("Subject to the terms of the relevant reference, a magistrate may enter pretrial orders without judicial approval if necessary to regulate the proceedings and *if not dispositive of a claim or defense of a party*.") (Emphasis added.); *State v. Weierman*, 2d Dist. Montgomery No. 18853, 2001 Ohio App. LEXIS 5613, 5 (Dec. 14, 2001) ("[A] magistrate cannot enter an order on a suppression motion without judicial approval.  [I]f a case is first properly referred, the magistrate must file a decision, which is then subject to judicial approval.").

[2] The copy of the objections in the record is incomplete and contains only the first page of Greyssa's objections.  Accordingly, we do not know what objections were raised below.

accepting his no contest plea.  *See* Crim.R. 11(D); Traf.R. 10(C).  The magistrate sentenced Greyssa.  However, no trial judge adopted the magistrate's sentence.

{¶ 4}   Greyssa appealed the magistrate's sentencing judgment entry, raising the following three assignments of error for review:

I.      The trial court erred in denying appellant's motion to suppress where police lacked authority and cause to seize appellant as he sat in his parked vehicle with the engine turned off.

II.     The trial court erred in denying appellant's motion to suppress field sobriety tests where field testing was not conducted in substantial compliance with NHTSA standards.

III.    The trial court erred in denying appellant's motion to suppress evidence obtained after appellant's unlawful arrest.

{¶ 5}   Following a thorough review of the record, we conclude that we are unable to address the merits of this appeal because the trial judge failed to adopt the sentence imposed by the magistrate and enter it as a judgment of the court. Accordingly, there is no valid sentence and no final, appealable order.  *See, e.g., Berea v. Collins*, 8th Dist. Cuyahoga No. 99406, 2013-Ohio-4191, ¶ 2-5.

{¶ 6}   A magistrate can accept pleas, make findings of guilt or innocence, and recommend a penalty in a misdemeanor case.  *See* Crim.R. 19(C)(1)(c)(ii) ("To assist courts of record and pursuant to reference under Crim.R. 19(D)(1), magistrates are authorized, subject to the terms of the relevant reference, to * * * [i]n misdemeanor cases, accept and enter guilty and no contest pleas, determine guilt or innocence, receive statements in explanation and in mitigation of sentence, and recommend a penalty to be imposed."); Traf.R. 14(A) ("A court may appoint one

or more magistrates for the purpose of receiving pleas, determining guilt or innocence, receiving statements in explanation and in mitigation of sentence, and recommending penalty to be imposed."). If imprisonment is a possible penalty for the offense charged, the matter may be referred to a magistrate "only with the unanimous consent of the parties, in writing or on the record in open court." Crim.R. 19(C)(1)(c)(ii); Traf.R. 14(B). There is nothing in the record that indicates that the parties consented to referral to the magistrate.

{¶ 7} Even if the parties had agreed to have the magistrate sentence Greyssa, the magistrate could recommend a sentence, but that sentence would not be final until adopted by the trial court and set forth in a judgment. *See, e.g., Collins* at ¶ 2-5; *Middleburg Hts. v. Elsing*, 8th Dist. Cuyahoga No. 104116, 2016-Ohio-7051, ¶ 6-9, 13; *see also State v. Pennington*, 187 Ohio App.3d 526, 2010-Ohio-2139, 932 N.E.2d 941, ¶ 12-16 (2d Dist.); *Youngstown v. Waselich*, 7th Dist. Mahoning No. 04 MA 164, 2005-Ohio-6449, ¶ 6-9.

{¶ 8} As this court explained in *Collins*:

> Crim.R. 19(C)(1)(c)(ii) permits a magistrate in a misdemeanor case to "accept and enter guilty and no contest pleas, determine guilt or innocence, receive statements in explanation and in mitigation of sentence, and *recommend a penalty* to be imposed." (Emphasis added.) That the magistrate only issues a "recommendation" of a penalty to be imposed is reinforced not only by Crim.R. 19(D)(4)(a) which states that "[a] magistrate's decision is not effective unless adopted by the court[,]" but by Crim.R. 32(C), which states that a criminal judgment must set forth "the sentence" and "that the judge shall sign the judgment."

> * * *

The judge did not adopt the magistrate's recommendation on sentencing, so there is no final judgment of conviction that conforms to Crim.R. 32.

With no sentence having been adopted and reduced to judgment with the judge's signature, there was no final order of conviction. *See State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, syllabus ("A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court."). We therefore lack jurisdiction to hear this appeal.

2013-Ohio-4191, ¶ 3-5.

{¶ 9} Accordingly, this appeal is dismissed for lack of a final, appealable order.

It is ordered that appellee recover from appellant the costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR